**UNITED STATES BANKRUPTCY COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | Case No. 12 B 09458 |
| d/b/a Trainor Modular Walls, | ) | |
| Trainor Solar, and Trainor Florida, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | Date: May 17, 2012 |
| | ) | Time: 10:00 a.m. |

**NOTICE OF MOTION**

To:    See Attached Service List

PLEASE TAKE NOTICE that on **May 17, 2012 10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the United States Bankruptcy Judge Carol A. Doyle, or any other judge sitting in her stead, in Courtroom 742 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached **APPLICATION OF DEBTOR IN POSSESSION TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF ROBERT A. POLLICE AND THE POLLICE LAW GROUP AS LOCAL MICHIGAN COUNSEL AND AUTHORIZE PAYMENT OF FINAL FEES AND COSTS WITHOUT FURTHER COURT ORDER,** at which time and place you may appear as you see fit.

                                              **TRAINOR GLASS COMPANY,**
                                              **Debtor and Debtor in Possession**

                                              By: /s/ Kevin H. Morse
                                                  One of Its Attorneys

Michael L. Gesas  (06186924)
David A. Golin  (06180517)
Kevin H. Morse  (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288

**CERTIFICATE OF SERVICE**

      I, Kevin H. Morse, an attorney, certify that I caused a copy of the attached Notice of Motion and Application to be served on the parties listed on the attached service list by facsimile or by the Court's ECF system on May 14, 2012.

                                                               /s/ Kevin H. Morse                .

**SERVICE LIST**

*Via ECF*

Richard A Bixter on behalf of Creditor Barton Malow Company
richard.bixter@hklaw.com

William J. Bryan on behalf of Creditor Standard Bank and Trust Company
wjblaw@sbcglobal.net

Daniel E Budorick on behalf of Creditors Turner Construction Company, Inc. and Skanska USA Building, Inc.
dbudorick@pecklaw.com; lbarker@pecklaw.com; acustardo@pecklaw.com

Rosanne Ciambrone on behalf of Creditor Clune Construction Company
rciambrone@duanemorris.com; jkahane@duanemorris.com

Amy E Daleo on behalf of Creditor Steadfast Insurance Company
adaleo@cohonraizes.com

Jason J DeJonker on behalf Creditor Forrester Construction Company
jdejonker@seyfarth.com

Shelly A. DeRousse on behalf of Creditor United Central Bank
sderousse@stahlcowen.com; garcia@stahlcowen.com

John S. Delnero on behalf of Creditor White Construction Company
john.delnero@klgates.com; Chicago.docket@klgates.com; darlene.mroz@klgates.com

Patrick G Donnelly on behalf of Creditor Bond Safeguard Insurance Co. and Lexon Insurance Co.
pdonnelly@dlhlawoffices.com

Michael J Dudek on behalf of Creditor Ace Insurance Company
mdudek@leoweber.com

Earle Erman on behalf of Creditor Glaziers, Architectural Metal, Glassworkers Local Union No. 357, and Michigan Glass and Glazing Fringe Benefit Funds
eerman@ermanteicher.com; druhlandt@ermanteicher.com

Steven A Ginther on behalf of Creditor Missouri Department of Revenue
ndilecf@dor.mo.gov

Geoffrey S. Goodman on behalf of Creditor First Midwest Bank
ggoodman@foley.com; egreen@foley.com; khall@foley.com

Karen R Goodman on behalf of Waste Management of Illinois, Inc.
kgoodman@shefskylaw.com; sfdocket@shefskylaw.com

Aaron L Hammer on behalf of The Committee of Unsecured Creditors for Trainor Glass Company
ahammer@sugarfgh.com; mbrandess@sugarfgh.com; joconnor@sugarfgh.com; mmelickian@sugarfgh.com; ccoleman@sugarfgh.com

Carl N Kunz III on behalf of Creditor DCT Pecos LLC
ckunz@morrisjames.com;  wweller@morrisjames.com; jdawson@morrisjames.com

Kathryn M. Gleason on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Thomas S. Leo on behalf of Ace Insurance Company
sleo@leoweber.com; mwargo@leoweber.com

Marc S Lipinski on behalf of Bond Safeguard Insurance Co.
mlipinski@dlhlawoffices.com

John A Lipinsky on behalf of Creditor Enterprise FM Trust
jlipinsky@comananderson.com; khaskell@comananderson.com; kdavis@comananderson.com

Frank Marco on behalf of Creditor Iron Workers Local Union No. 63
fmarco@gregoriolaw.com; nforbes@gregoriolaw.com

Sven T Nylen on behalf of Creditor White Construction Company
sven.nylen@klgates.com; teresa.gomez@klgates.com

Lars A Peterson on behalf of Creditor First Midwest Bank
lapeterson@foley.com; khall@foley.com

Cornelius F Riordan on behalf of Creditor Fidelity and Deposit Company of Maryland
criordan@rmp-llc.com

Kathy Wantuch on behalf of Plaintiff Katherine McNeel
kwantuch@hiltzlaw.com; jhiltz@hiltzlaw.com

*Via Facsimile*

| | |
|---|---|
| Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn Street<br>Chicago, IL 60604<br>Fax: 312-566-2826 | Illinois Department of Revenue<br>Bankruptcy Section<br>Level 7-425<br>200 W. Randolph Street<br>Chicago, IL 60101<br>Fax: 312-814-3589 |
| IUPAT Pension Fund<br>c/o Dawn M. Costa<br>Jennings Sigmond, P.C.<br>The Penn Mutual Towers, 16th Floor<br>510 Walnut Street<br>Philadelphia, PA 19106<br>Fax: 215-922-3524<br>*(Counsel for International Painters and Allied Trades Industry Pension Fund)* | Viracon, Inc.<br>c/o Amy J. Swedberg<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Fax: 612-642-8367<br>*(Counsel for Viracon, Inc.)* |
| William J. Bryan<br>17926 Dixie Highway<br>Homewood, IL 60430<br>Fax: 708-957-8588<br>*(Counsel for Standard Bank and Trust Company)* | Bankruptcy Administration<br>IKON Financial Services<br>1738 Bass Road<br>P.O. Box 13708<br>Macon, GA 31208-3708<br>Fax: 478-405-4043 |
| Tennessee Dept. of Revenue<br>c/o TN Attorney General's Office, Bankruptcy Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>Fax: 615-741-3334 | Michael W. Deeds<br>Edward Lopez, Jr.<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, TX 75201<br>Fax: 469-221-5002<br>*(Counsel for Dallas County and Kaufman County)* |
| Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760<br>Fax: 512-443-5114<br>*(Counsel for Round Rock ISD)* | Frank A. Marco<br>Iron Workers Local No. 63<br>Two North LaSalle Street<br>Suite 1650<br>Chicago, IL 60602<br>Fax: 312-263-2512<br>*(Counsel for Iron Workers Local No. 63)* |

| | |
|---|---|
| Kristian W. Gluck<br>Gregory M Wilkes<br>Fulbright & Jaworski L.L.P.<br>2200 Ross Avenue<br>Suite 2800<br>Dallas, TX 75201-2784<br>Fax: 214-855-8200<br>*(Counsel for White Construction Company)* | Department of the Treasury<br>Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114<br>Fax: 267-941-1015 |
| T. Scott Leo<br>Leo & Weber, P.C.<br>One N. LaSalle Street, Suite 3600<br>Chicago, IL 60602<br>Fax: 312-857-1240<br>*(Counsel for Ace Insurance Company)* | Oldcastle Building Envelope<br>c/o Mollie L. Hines<br>2745 Dallas Parkway<br>Suite 560<br>Plano, TX 75093<br>Fax: 469-241-3813 |
| Bruce Wilson<br>Ray & Wilson<br>6300 Ridglea Place, Suite 1008<br>Fort Worth, TX 76116<br>Fax: 817-377-1232<br>*(Counsel for Kurosky & Co. Painting Contractors, Inc.)* | Stuart J. Miller<br>Lankenau & Miller, LLP<br>132 Nassau Street<br>Suite 423<br>New York, NY 10038<br>Fax: 212-581-2122 |
| M. Vance McCrary<br>Mary E. Olsen<br>The Gardner Firm, P.C.<br>210 S. Washington Avenue<br>Mobile, AL 36602<br>Fax: 251-433-8181 | Patrick J Schurr<br>Scheef & Stone, L.L.P.<br>2601 Network Boulevard<br>Frisco, TX 75034<br>Fax: 214-472-2150 |
| Jay H Ong<br>Munsch Hardt Kopf & Harr, P.C.<br>401 Congress Avenue<br>Suite 3050<br>Austin, TX 78701<br>Fax: 512-391-6149 | Knowles Door Check Co., Inc.<br>c/o Brenda Greathouse<br>302 Highway 251 South<br>Olney, TX 76374<br>Fax: 940-766-6275 |
| International Painters and Allied<br>Trade Industry Pension Fund<br>c/o Gary Meyers<br>7234 Parkway Drive<br>Hanover, MD 21076<br>Fax: 866-656-4160 | Andrea Sheehan<br>Law Offices of Robert E. Luna, P.C.<br>4411 North Central Expressway<br>Dallas, TX 75205<br>Fax: 214-521-1738<br>*(Counsel for Carrollton-Farmers Branch Independent School District)* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRAINOR GLASS COMPANY, | ) | Case No. 12 B 09458 |
| d/b/a Trainor Modular Walls, | ) | |
| Trainor Solar, and Trainor Florida, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | Date:  May 17, 2012 |
| | ) | Time: 10:00 a.m. |

**APPLICATION OF DEBTOR IN POSSESSION TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF ROBERT A. POLLICE AND THE POLLICE LAW GROUP AS LOCAL MICHIGAN COUNSEL AND AUTHORIZE PAYMENT OF FINAL FEES AND COSTS WITHOUT FURTHER COURT ORDER**

Trainor Glass Company, debtor and debtor in possession ("Trainor" or "Debtor"), by its counsel, Arnstein & Lehr LLP, hereby seeks the entry of an order authorizing the Debtor to retain and employ Robert A. Pollice and the partners, associates and paralegals of The Pollice Law Group (collectively "Pollice") as local Michigan counsel, effective *nunc pro tunc* to May 10, 2012, for the purposes detailed below and for the payment of final fees and costs without further court order.  In support of this Application, the Debtor respectfully states as follows:

**Jurisdiction**

1.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).  The statutory predicates for the relief requested herein are sections 327(a), 328(a) and 1107(b) of title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 2016-1.

1

**Background**

2. On March 9, 2012 (the "Petition Date"), Trainor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Trainor remains in possession of its property and continues to have the rights, powers and duties of a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2012, an official committee for unsecured creditors (the "Committee") was appointed and subsequently retained counsel.

3. Trainor is an Illinois corporation that was founded in 1953 by Robert J. Trainor Sr. to pursue a residential glass business in Chicago, Illinois. Trainor's business model was focused on quality fabrication, design, engineering, and installation of glass products and framing systems in virtually every architectural application, including (a) new construction, (b) green-building solutions, (c) building rehabilitation, (d) storefronts and entrances, (e) tenant interiors, and (f) custom-specialty work. Trainor was consistently recognized as a national leader in its industry in both revenue and quality.

4. After inception, Trainor expanded from its base in Chicago and at one time had operations in (a) Phoenix, Arizona, (b) Denver, Colorado, (c) Jacksonville Beach, Florida, (d) Riviera Beach, Florida, (e) Atlanta, Georgia, (f) Alsip, Illinois, (g) Michigan City, Indiana, (h) South Bend, Indiana, (i) Baltimore, Maryland, (j) Detroit, Michigan, (k) Las Vegas, Nevada, (l) Kearny, New Jersey, (m) Charlotte, North Carolina, (n) Austin, Texas, (o) Ogden, Utah, and (p) Farmers Branch, Texas.

5. The documented slowdown in the national economy, which began in early 2008, impacted the commercial construction industry by significantly increasing material pricing and competition among glass contractors. By 2010, Trainor found itself with significantly reduced liquidity and financial losses which caused Trainor to close many of its plants, sell equipment, and reduce workforce. During the period June 2011 - December 31, 2011, Trainor closed

thirteen facilities, resulting in significant additional losses. On February 21, 2012, after being unable to secure additional financing necessary to continue operating, Trainor ceased business operations and terminated all employees. At that time, Trainor operated nine facilities and had approximately 508 employees (148 union and 360 non-union) in 14 states.

6. The Debtor filed this chapter 11 case, to preserve the value of its assets and to maximize the value of its assets through an orderly liquidation.

**Relief Sought**

7. By this Application, the Debtor respectfully requests that this Court enter an order authorizing the Debtor to employ and retain Pollice as its local Michigan counsel pursuant to section 327(a) of the Bankruptcy Code and for payment of final fees and costs totaling less than $1,000 without further court order.

8. The Debtor seeks to retain Pollice as local Michigan counsel because the firm has extensive general experience and knowledge in the field of construction law and perfection of contractor liens. Accordingly, the Debtor believes that Pollice is well-qualified to represent it in for the purposes detailed below.

**Scope of Employment**

9. The Debtor requires the services of Pollice to represent and assist the Debtor in connection with reviewing lien notices, preparing lien notices and recording claim of lien for construction projects in Michigan. The Debtor requires Pollice to render such lien related services for the following construction projects:

    (a) BAE Systems Land & Armament, LP (Sterling Heights, MI); and

    (b) all other legal services for the Debtor related to the review, preparation and recording of liens on the aforementioned construction project.

10. The Debtor requests that the employment of Pollice be effective *nunc pro tunc* to May 10, 2012, based on the time sensitive nature of the work required. The lien notices must be

3

served by May 18, 2012 for the Debtor to protect its substantial interests in the construction projects. This has required Pollice to begin work on the lien notices prior to this motion being heard or an order entered. The Debtor believes that the amount of outstanding claims to be served with lien notices is $350,594.42. The retroactive employment of Pollice is critical based on the potential assets available for the Debtor's estate.

### **Compensation and Final Fee Payment**

11. Section 327(a) of the Bankruptcy Code authorizes the employment of an attorney to represent the debtor in possession in carrying out the debtor in possession's duties. See 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code authorizes the compensation of a professional employed under § 327(a) "on any reasonable terms and conditions of employment," including on an hourly basis. 11 U.S.C. §328(a). The Debtor will require Pollice to render legal services for the construction project and requests that Pollice be compensated on an hourly basis for the construction project, plus reimbursement of the actual and necessary expenses Pollice incurs.

12. Pollice has advised the Debtor that the current hourly rates applicable to the principal attorneys proposed to represent the Debtor are as follows:

    (a)    Robert A. Pollice    $250 per hour

Other persons employed by Pollice will render services to the Debtor as needed. Generally, Pollice's hourly rates are in the following ranges: Attorneys: $150.00 - $250.00 per hour. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of Pollice's business, as the market may require or due to other conditions.

13. Those expenses for which Pollice ordinarily and customarily charges clients include, but are not limited to, long distance telephone charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying services, courier services,

overnight deliveries, docket and court filing fees, court reporting charges, and any other incidental costs advanced by the firm specifically for this matter.

14. The Debtor and Pollice have estimated the aggregate fees and costs for the completion of services requested to be less than $1,000.00. The Debtor believes that the payment of aggregate fees and costs of less than $1,000.00 is reasonable and cost efficient. The time and cost for the preparation and hearing on a fee application would exceed the fees requested by Pollice. Additionally, Federal Rule of Bankruptcy Procedure 2002(a)(6) does not require notice to all creditors and parties in interest on fee requests of less than $1,000.00. As such, the Debtor requests the Court allow the Debtor to pay Pollice on a final basis without further order of the Court should the total fees and costs incurred be less than $1,000.00.

## Pollice Does Not Hold Or Represent Any Adverse Interest

14. A Declaration of Robert A. Pollice, a partner of Pollice, is attached hereto as Exhibit A.

15. To the best of the Debtor's knowledge and based upon and except as set forth in Mr. Pollice's Declaration,

    a. Pollice does not hold or represent any interest adverse to the Debtor's chapter 11 estate.

    b. Pollice is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code.

        (1) Pollice is not a creditor, an equity security holder, or an insider of the Debtor.

        (2) Pollice is not and was not, within 2 years before the Petition Date, director, officer, or employee of the Debtor.

        (3) Pollice does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

16. To the best of the Debtor's knowledge, Pollice does not have any connections with the Debtor, its creditors, any other parties in interest, its attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### Notice

17. Notice of this Application has been given to (a) the Office of the United States Trustee of this District; (b) counsel to First Midwest Bank and United Community Bank; (c) counsel for the Committee; and (d) all other persons requesting notice of filings in these cases.

### Conclusion

WHEREFORE, the Debtor respectfully requests that this Court enter the attached order (i) authorizing the Debtor to retain and employ Robert A. Pollice and The Pollice Law Group as local Michigan counsel, *nunc pro tunc* to May 10, 2012; (ii) authorizing the Debtor to pay Pollice on a final basis aggregate fees and costs of less than $1,000.00; and (iii) granting such other relief as this Court may deem just and proper.

          TRAINOR GLASS COMPANY,
          Debtor and Debtor in Possession

          By: /s/ Kevin H. Morse
              One of Its Attorneys

Michael L. Gesas (06186924)
David A. Golin (06180517)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288
10129436.1

6