**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Trainor Glass Company, | ) | Case No.  12-09458 |
| d/b/a Trainor Modular Walls, | ) | |
| Trainor Solar, and Trainor Florida | ) | Honorable Carol A. Doyle |
| | ) | |
| Debtor. | ) | Hearing: March 5, 2014 at 10:00 a.m. |

**NOTICE OF MOTION**

*Please take notice* that on **March 5, 2014** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 742 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Sixth and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Trainor Glass Company*, at which time and place you may appear as you see fit.

If you have any objection to the Application, please file and serve the objection by **March 3, 2014**.

Date:  February 5, 2014                    **SUGAR FELSENTHAL GRAIS & HAMMER LLP**

                                           By:   /s/ Aaron L. Hammer
                                                   One of Its Attorneys

                                           Aaron L. Hammer, Esq. (6243069)
                                           Mark S. Melickian, Esq. (6229843)
                                           Jack O'Connor, Esq. (6302674)
                                           SUGAR FELSENTHAL GRAIS & HAMMER LLP
                                           30 N. LaSalle St., Ste. 3000
                                           Chicago, Illinois 60602
                                           Telephone: 312.704.9400
                                           Facsimile:  312.372.7951

                                           *Counsel to the Official Committee of Unsecured*
                                           *Creditors of Trainor Glass Company*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 5, 2014, a true and correct copy of the *Sixth and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Trainor Glass Company* was served via the Court's CM/ECF system upon all registered counsel and parties of record on the attached Service List.

Date: February 5, 2014                                            By:  /s/  Aaron L. Hammer

## Service List

*Via CM/ECF*:

- Mark E Abrams  abramspc@aol.com
- George P Apostolides  gpapostolides@arnstein.com, jbmedziak@arnstein.com
- Kenneth J Ashman  kashman@ashmanlawoffices.com, kseay@ashmanlawoffices.com
- Mark D Belongia  mbelongia@ralaw.com, msullivan@ralaw.com;casedocket@ralaw.com
- Robert R Benjamin  rrbenjamin@golanchristie.com, lreuther@golanchristie.com; mperez@golanchristie.com; myproductionss@gmail.com; asimmons@golanchristie.com; tstephenson@golanchristie.com
- Beverly A Berneman.  baberneman@golanchristie.com, lreuther@golanchristie.com; mperez@golanchristie.com; myproductionss@gmail.com; asimmons@golanchristie.com; tstephenson@golanchristie.com
- Brendan G Best  bbest@schaferandweiner.com
- Richard A Bixter  richard.bixter@hklaw.com
- Paul A Brocksmith  paul@brocklaw.com
- William J. Bryan  wbryanlaw@comcast.net
- Daniel E Budorick  dbudorick@pecklaw.com, lbarker@pecklaw.com;acustardo@pecklaw.com
- Megan M Burke  mburke@rmp-llc.com
- Steven B Chaiken  schaiken@ag-ltd.com, lhope@ag-ltd.com
- Aaron B Chapin  achapin@reedsmith.com
- Barry A Chatz  bachatz@arnstein.com, jbmedziak@arnstein.com
- Albert L Chollet  achollet@wthf.com, cdrexler@wthf.com
- Rosanne Ciambrone  rciambrone@duanemorris.com, jkahane@duanemorris.com
- Timothy J Conklin  tconklin@fosterbuick.com, smaahs@fosterbuick.com
- Francisco Connell  fconnell@chuhak.com, hcummins@chuhak.com
- Boyd A Correll  acorrell@caudlespears.com
- Gabriel A Crowson  gcrowson@mcglinchey.com, sholmes@mcglinchey.com
- Gabriel A Crowson  gcrowson@mcglinchey.com, sholmes@mcglinchey.com
- Michael L Cummings  michael@esb-law.com
- Anthony J. D'Agostino  ajdagostino@golanchristie.com, lreuther@golanchristie.com, mperez@golanchristie.com, aprior@golanchristie.com, asimmons@golanchristie.com, tstephenson@golanchristie.com

- Amy E Daleo adaleo@cohonraizes.com
- Michael J. Davis mdavis@archerbay.com, davislaw80@gmail.com
- Jason J DeJonker jdejonker@seyfarth.com, kmccarthy@seyfarth.com;chidocket@seyfarth.com
- Shelly A. DeRousse sderousse@stahlcowen.com, cgarcia@stahlcowen.com
- John S. Delnero. john.delnero@klgates.com, Chicago.docket@klgates.com;darlene.mroz@klgates.com
- Patrick G Donnelly pdonnelly@dlhlawoffices.com
- Jeremy M Downs jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Michael J Dudek mdudek@leoweber.com, emartinez@leoweber.com
- Jeffrey D Eaton jeaton@schiffhardin.com
- Deborah K Ebner dkebner@deborahebnerlaw.com, sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com
- John Eggum jeggum@fgppr.com
- Travis J Eliason teliason@kdlegal.com
- Timothy D. Elliott telliott@rathjewoodward.com, nwinters@rathjewoodward.com;vlong@rathjewoodward.com
- Marcia P Ellsworth mellsworth@prklaw.com
- Earle Erman eerman@ermanteicher.com, druhlandt@ermanteicher.com
- Thomas R. Fawkes tfawkes@freeborn.com, bkdocketing@freeborn.com
- Michelle L Feola. mfeola@frltd.com
- Edward F. Filer efiler@freeborn.com, cryan@freeborn.com
- Zachary J Garrett zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Michael L. Gesas mlgesas@arnstein.com, blsutton@arnstein.com;jbmedziak@arnstein.com
- Steven A Ginther ndilecf@dor.mo.gov
- Jonathan D. Golding jgolding@goldinglaw.net
- Richard N rgolding@goldinglaw.net
- David A. Golin dagolin@arnstein.com, mgonzalez@arnstein.com
- Geoffrey S. Goodman ggoodman@foley.com, egreen@foley.com;khall@foley.com
- Karen R Goodman, ESQ kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- Joshua D. Greene jgreene@archerbay.com, llarson@archerbay.com
- John F Hiltz jhiltz@hwzlaw.com, kwantuch@hwzlaw.com,bzanzig@hwzlaw.com
- Brian J Jackiw. bjackiw@freeborn.com, bkdocketing@freeborn.com
- Lindsay James ljames@smv-law.com
- Christopher Johnson cgschifflaw@gmail.com
- Patrick M. Jones pmj@greensfelder.com, je@greensfelder.com
- Michael Joyce mjoyce@crosslaw.com, smacdonald@crosslaw.com
- Michael B Kind mkind@edwardswildman.com
- Carl N Kunz III ckunz@morrisjames.com, wweller@morrisjames.com;jdawson@morrisjames.com
- Caroline Kwak ckwak@cohonraizes.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Thomas S. Leo sleo@leoweber.com, mwargo@leoweber.com
- Marc S Lipinski mlipinski@dlhlawoffices.com

- John A Lipinsky jlipinsky@comananderson.com, khaskell@comananderson.com;kdavis@comananderson.com
- Frank Marco fmarco@gregoriolaw.com, sbain@gregoriolaw.com
- Matthew G Martinez matthew.martinez@sidley.com, efilingnotice@sidley.com
- Adrian E Mazar mazaresq@sbcglobal.net, mazaresq@sbcglobal.net
- Alexander M Memmen amm@memmenlaw.com
- Jenna L Miara mweiner@hsplegal.com
- Jeffrey M Monberg jmonberg@kdlegal.com, jfik@kdlegal.com
- Michael C. Moody mmoody@orourkeandmoody.com, firm@orourkeandmoody.com, morourke@orourkeandmoody.com
- James E. Morgan jem@h2law.com, smckinney@howardandhoward.com
- Kevin H Morse khmorse@arnstein.com
- Brendan J. Nelligan. bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com
- David A. Newby dnewby@comananderson.com, ejurgenson@comananderson.com
- Michelle G Novick mgnovick@arnstein.com, lcsolomon@arnstein.com
- Sven T Nylen sven.nylen@klgates.com, teresa.gomez@klgates.com
- James O'Connell-Miller leighton.oconnellmiller@bryancave.com
- Lindsey Olson lindsey@theolsonfirm.com
- Joel R Page, Jr jpage@rmp-llc.com
- Lars A Peterson lapeterson@foley.com, khall@foley.com
- Douglas Petrovic dpetrovic@ridgeassoc.com, dougpetrovic@yahoo.com
- Eric S Playter eplayter@dunndavison.com
- John M. Riccione jriccione@agdglaw.com
- Cornelius F Riordan criordan@rmp-llc.com, egrubb@rmp-llc.com
- Rebecca M Rothmann rebecca.rothmann@wilsonelser.com
- Brianna M Sansone bsansone@agdglaw.com, wserritella@agdglaw.com;molson@agdglaw.com
- Scott A Semenek scott.semenek@faegrebd.com, droberg@faegrebd.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com
- James B. Sowka jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com
- David J Stein dstein@pretzel-stouffer.com
- Joseph M Tiller jtiller@jonesday.com
- Danielle N Twait dtwait@lathropgage.com, cbelue@lathropgage.com; BHolland@LATHROPGAGE.COM; AStewart@LATHROPGAGE.COM
- David J Valdini dvaldini@valdinilaw.com, jkendrick@valdinilaw.com
- Eric L Walberg ewalberg@walberglaw.com
- Kathy Wantuch kwantuch@hiltzlaw.com, jhiltz@hiltzlaw.com;bzanzig@hwzlaw.com
- Michael I. White mwhit1967@aol.com
- Jeff A Whitehead jeffwhitehead_2000@yahoo.com, jeffwhiteheadlawnotices@gmail.com
- Thomas C. Wolford twolford@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Stefanie Wowchuk McDonald stefanie.mcdonald@dentons.com, NDIL_ECF@dentons.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re                                          )
                                               )
                                               )        Bankruptcy No. _____
                                               )
                     Debtor.                   )        Chapter        _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:         Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date<br>Filed | Period<br>Covered | Total Requested<br>(Fees & Expenses) | Total Allowed<br>(Fees & Expenses) | Fees & Expenses<br>Previously Paid |
|---|---|---|---|---|

Dated: _____          _____
                                                                              (Counsel)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Trainor Glass Company, | ) Case No. 12-09458 |
| d/b/a Trainor Modular Walls, | ) |
| Trainor Solar, and Trainor Florida | ) Honorable Carol A. Doyle |
| | ) |
| Debtor. | ) Hearing: March 5, 2014 at 10:00 a.m. |

**SIXTH & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRAINOR GLASS COMPANY**

Sugar Felsenthal Grais & Hammer LLP ("*SugarFGH*"), counsel to the Official Committee of Unsecured Creditors of Trainor Glass Company (the "*Committee*"), appointed in the above-captioned bankruptcy case (the "*Case*"), submits its *Sixth and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Trainor Glass Company* (the "*Final Fee Application*") under § 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and in accordance with the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (the "*Compensation Order*"),[1] the *Debtor's & Official Committee of Unsecured Creditors' Second Amended Joint Plan of Liquidation* (the "*Plan*"),[2] and the Court's order confirming the Plan (the "*Confirmation Order*").[3]  In support of the Final Fee Application, SugarFGH states:

---

[1]  (Dkt. 81.)

[2]  (Dkt. 1571.)

[3]  (Dkt. 1674.)

## JURISDICTION & VENUE

1.  The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

2.  The statutory predicates for the relief requested in this Final Fee Application are §§ 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

## BACKGROUND

**A.   Case Proceedings**

3.  Trainor Glass Company ("*Trainor*" or, the "*Debtor*") filed a voluntary petition for chapter 11 bankruptcy protection on March 9, 2012 (the "*Petition Date*"). Soon thereafter, the United States Trustee appointed the Committee to represent the interests of Trainor's unsecured creditors under § 1102 of the Bankruptcy Code.[4]

4.  The Committee submitted an application to the Court seeking to employ SugarFGH as its counsel, which the Court granted on April 10, 2012.[5] The same day, the Court entered the Compensation Order.[6] The Compensation Order authorizes each professional retained in this case, including SugarFGH, to file and serve on the parties identified in the Compensation Order (the "*Notice Parties*") monthly statements of fees and expenses. If no timely objection is filed before the expiration of the objection period, the Debtor was authorized

---

[4]   *See* (Dkt. 31.)

[5]   (Dkt. 82.)

[6]   (Dkt. 81.)

2

to pay the professional 80% of the fees and 100% of the expenses requested in the monthly statement, subject to the applicable cash collateral orders and budgets.

5.  On December 20, 2013, the Court entered the Confirmation Order.[7] A notice of Plan confirmation was later filed,[8] setting January 9, 2014 as the Plan Effective Date, at which time the Committee dissolved, thereby ending SugarFGH's engagement as Committee counsel.

### B.  SugarFGH's Past Fee Applications & Monthly Statements

6.  SugarFGH submitted a total of five interim applications for fees and reimbursement of expenses (each an "*Interim Fee Application*," and collectively, the "*Interim Fee Applications*") during this Case. The Interim Fee Applications, along with the amounts allowed by the Court under the Interim Fee Applications, are summarized below:

| Date Filed (Dkt. #) | Period Covered | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| 07/16/2012 (Dkt. 397) | Mar. - June 2012 | $152,919.00 | $1,020.20[9] | $152,919.00 | $429.50 |
| 10/19/2012 (Dkt. 603) | July - Sept. 2012 | $98,099.50 | $1,929.19 | $98,099.50 | $1,929.19 |
| 01/28/2013 (Dkts. 726, 730) | Oct. - Dec. 2012 | $45,995.00 | $392.70 | $45,995.00 | $392.70 |
| 04/24/2013 (Dkt. 1113) | Jan. - Mar. 2013 | $150,997.50 | $226.11[10] | $150,997.50[11] | $226.11 |
| 08/15/2013 (Dkt. 1367) | Apr. - June 2013 | $163,380.50 | $147.81 | $163,380.50 | $147.81 |
| Totals: | | $611,391.50 | $3,716.01 | $611,391.50 | $3,125.31 |

---

[7]  (Dkt. 1674.)

[8]  (Dkt. 1684.)

[9]  SugarFGH requested reimbursable expenses not initially granted under its first Interim Fee Application under its second Interim Fee Application, which the Court granted. The detail supporting these expenses was attached as exhibit C to the second Interim Fee Application. *See* (Dkt. 603.)

[10] Upon final review of the Interim Fee Applications, SugarFGH discovered that it failed to request $80.00 in expenses in its fourth Interim Fee Application. An appropriate adjustment has been made in this Final Fee Application to correct this error.

[11] Upon final review of the Interim Fee Applications, SugarFGH discovered that it accidentally inflated its various fee requests by $20.00 due to a clerical error in its fourth Interim Fee Application. An appropriate adjustment has been made in this Final Fee Application to correct this error.

3

7.      The Interim Fee Applications are attached here as *Exhibits A*, *B*, *C*, *D*, and *E*, respectively.

8.      In accordance with the Compensation Order, SugarFGH filed seven monthly statements (the "*Monthly Statements*") following the submission of the Interim Fee Applications, summarized below:

| Monthly Period (Dkt. #) | Total Fees | Fees Sought (80%) | Fees Withheld (20%) | Expenses Sought (100%) |
|---|---|---|---|---|
| July 2013 (Dkt. 1364) | $38,898.50 | $31,118.80 | $7,779.70 | $0.00 |
| Aug. 2013 (Dkt. 1415) | $34,510.00 | $27,608.00 | $6,902.00 | $0.00 |
| Sept. 2013 (Dkt. 1498) | $26,775.10 | $21,420.08 | $5,355.02 | $0.00 |
| Oct. 2013 (Dkt. 1591) | $20,007.00 | $16,005.60 | $4,001.40 | $0.00 |
| Nov. 2013 (Dkt. 1608) | $45,834.00 | $36,667.20 | $9,166.80 | $69.66 |
| Dec. 2013 (Dkt. 1685) | $52,201.50 | $41,761.20 | $10,440.30 | $77.35 |
| Jan. 2013 (Dkt. 1715) | $4,006.00 | $3,204.80 | $801.20 | $0.00 |
| **Totals:** | **$222,232.10** | **$177,785.68** | **$44,446.42** | **$147.01** |

The Monthly Statements are attached here as *Exhibit F*. No objections were filed to any of the Monthly Statements.

9.      Under the Compensation Order, this Court's orders allowing compensation to SugarFGH under Interim Fee Applications,[12] and the Monthly Statements filed to date, SugarFGH has received interim payments of fees totaling $754,865.99 and $3,352.32 for expense reimbursements. Accordingly, presuming this Final Fee Application is allowed in full, SugarFGH shall be due a total amount of compensation for fees and expenses equal to $78,677.51.

---

[12]   *See* (Dkts. 430, 647, 801, 1143, 1441.)

10. This application is SugarFGH's sixth and final request for allowance of fees and reimbursement of expenses. By this Final Fee Application, SugarFGH seeks an order (a) allowing and approving final compensation to SugarFGH of **$833,603.50** in compensation for professional services rendered by SugarFGH for the period beginning March 27, 2012 and ending January 8, 2014 (the "*Fee Application Period*"), and reimbursement of **$3,352.32** for actual and necessary expenses incurred by SugarFGH during the Fee Application Period; and (b) authorizing payment to SugarFGH for amounts approved under the Final Fee Application not already paid by the Debtor, subject in all respects to pending orders of this Court.

### NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY SUGARFGH

11. All of the services for which compensation is requested were rendered to or for the benefit of the Committee in connection with the Debtor's chapter 11 case. The time described in the billing statements attached to this Final Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SugarFGH attorneys and paralegals that rendered the described services. In certain instances, the time reflected in the billing statements has been reduced in an effort by SugarFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

12. SugarFGH's hourly rates of compensation for attorneys and paraprofessionals during the Application Period range from $125 to $695. Those rates are comparable to rates charged by other practitioners with the same level of experience, expertise, and standing for similar services. SugarFGH consistently and consciously made every reasonable effort to represent the Committee in the most efficient and practical manner possible.

13. SugarFGH submits that the compensation sought by this Final Fee Application represents a fair and reasonable amount for the services rendered during the Fee Application

Period when considering the Fee Application in light of the criteria set forth in § 330 of the Bankruptcy Code, namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

A.    **Summary of Services Rendered**

14.    SugarFGH spent a total of **1,842.7** hours providing professional services to the Committee in connection with this case. A summary of the time and fees of SugarFGH's professionals, itemized by individual timekeepers, is set forth below:

| Name | Title | 2012--2013--2014 Rates | Total Hours | Total Fees |
|---|---|---|---|---|
| Aaron L. Hammer | Senior Partner | $655--$675--$695 | 379.3 | $252,193.50 |
| Mark S. Melickian | Partner (Counsel through 2013) | $525--$550--$595 | 480.2 | $261,364.00 |
| Christopher J. Horvay | Partner (Counsel through 2013) | $525--$550--$595 | 85.8 | $47,130.00 |
| Etahn M. Cohen | Partner | $460--$575--$595 | 13.7 | $6,277.00 |
| Leland H. Chait | Partner | $550--$575--$595 | 3.7 | $2,035.00 |
| David M. Madden | Associate | $395 | 19.5 | $7,702.50 |
| Michael A. Brandess | Associate | $350--$365--$395 | 290.9 | $105,578.50 |
| John R. O'Connor | Associate | $275--$305--$355 | 465.9 | $133,559.50 |
| Jamie R. Netznik | Associate (Law Clerk through Oct. 2013) | $125--$275--$295 | 46.9 | $6,027.50 |
| Paris C. Love | Paralegal | $220--$220--$235 | 34.2 | $7,524.00 |
| Dennis J. Tirlea | Paralegal | $220 | 11.1 | $2,442.00 |
| Jennifer L. Sherpan | Paralegal | $160 | 1.0 | $160.00 |
| Craig M. Coleman | Paralegal | $160 | 8.5 | $1,360.00 |
| Robert B. McLellarn | Law Clerk | $125 | 2.0 | $250.00 |
| | | Total: | 1,842.7 | $833,603.50 |
| | | Blended Hourly Rate: | | $452.38 |

6

15. In an effort to provide the Court and parties in interest with information concerning the nature and amount of services rendered during the Fee Application Period, and in compliance with Local Rule 5082-1B and C, SugarFGH classified its services into fifteen separate categories. A description of the services performed for each category, and a summary of each professional and paraprofessional's services for each category, is summarized below. Additionally, each of these categories of services is identified in SugarFGH's Interim Fee Applications and Monthly Statements.[13]

1) *General Case Administration*  $61,208.50

   SugarFGH spent 140.8 hours at a cost of $61,208.50 on general matters. This category includes time spent reviewing and analyzing incoming pleadings, correspondence and notices; conducting internal strategy meetings and preparing general internal memoranda on the Case; preparing for and attending hearings on general case matters; and corresponding with parties-in-interest concerning general case matters. This category also includes matters which encompass more than one discrete category.

2) *Schedules & Reports*  $6,527.50

   SugarFGH spent 12.9 hours at a cost of $6,527.50 on issues relating to schedules and reports. This category includes time spent reviewing and analyzing the Debtor's schedules, statement of financial affairs and monthly operating reports, as well as time spent preparing for and attending rule 2004 examinations sought and conducted by parties-in-interest in the case.

3) *Investigation of Operations & Assets*  $7,773.50

   SugarFGH spent 15.1 hours at a cost of $7,773.50 on issues relating to investigation of the Debtor's operations and assets. This category includes time spent analyzing the Debtor's schedules, statements, and other documents and information related to assets owned or operated by the Debtor, assets owned or operated by the Debtor's insiders, and other sources of potential recoveries for creditors. This category also includes time spent preparing for and attending informal interviews of the Debtor's officers.

4) *SugarFGH Retention & Fee Applications*  $68,893.50

   SugarFGH spent 206.0 hours at a cost of $68,893.50 related to SugarFGH's employment application, preparing its monthly fee statements and interim fee applications. This

---

[13] *See* (Exs. A-F.)

7

category includes time spent preparing and filing the monthly statements for submission to the Debtor as authorized under the Court's retention order,[14] addressing questions raised by parties in interest regarding the Monthly Statements, and time spent drafting and preparing SugarFGH's Interim Fee Applications.

5) *Other Professional Retention & Fee Applications*  $48,829.00

SugarFGH spent 113.0 hours at a cost of $48,829.00 related to reviewing and scrutinizing the employment applications, monthly fee statements, and interim fee applications of other professionals. This category includes time spent reviewing employment applications, monthly statements and interim fee applications of the Debtor's professionals and proposed professionals including Arnstein & Lehr, High Ridge Partners, Toney Capital Holdings LLC, Branford Auctions, The Pollice Law Group, Taylor & Martin, Arnold & Arnold, Kasimer & Annino P.C., as well as reviewing and scrutinizing fee applications for these professionals.

6) *Executory Contracts & Unexpired Leases*  $21,183.50

SugarFGH spent 44.3 hours at a cost of $21,183.50 on issues related to executory contracts and unexpired leases. Early in this case, the Debtor held numerous nonresidential real property leases subject to rejection or assumption and, on the Petition Date, was engaged in numerous ongoing construction projects for which general and subcontractors sought relief from the automatic stay. SugarFGH spent time reviewing the Debtor's motions to reject leases, including analyzing, reviewing and responding to motions for relief from the automatic stay filed by contractor parties; and reviewing and responding to motions for relief filed by sureties with an interest in the projects. SugarFGH also appeared as Committee counsel at numerous hearings relating to these matters during the Fee Application Period.

7) *Claims Analysis & Objections*  $42,359.50

SugarFGH spent 112.3 hours at a cost of $42,359.50 on matters related to analyzing claims and priority issues raised by numerous parties over almost two years including, but not limited to, pension funds, contractor parties, and governmental entities. SugarFGH also spent significant time analyzing and addressing alleged WARN Act claims asserted as class action priority claims against the Debtor.

8) *Secured Creditors*  $116,515.00

SugarFGH spent 257.4 hours at a cost of $116,515.00 on matters related to secured creditors. This category primarily includes time spent analyzing the amount, extent and validity of First Midwest's secured interest in the Debtor's estate; analyzing other matters (e.g., guarantor issues) related to First Midwest's position; analyzing and addressing

---

[14] (Dkt. 82.)

claims and objections raised by contractors and sureties related to cash collateral; reviewing and negotiating with First Midwest, the Debtor and multiple other parties over cash collateral issues and documentation; negotiating a global resolution of the estate's issues related to First Midwest and its alleged claims; and drafting and presenting with the Debtor a stipulation of that settlement to the Court for its approval.

9) *Creditor Inquiries* $1,783.00

SugarFGH spent 4.8 hours at a cost of $1,783.00 on matters responding to priority and unsecured creditor inquiries. This category primarily includes time spent corresponding with creditors regarding the status of the Case.

10) *Committee Meetings & Governance* $19,578.50

SugarFGH spent 43.1 hours at a cost of $19,578.50 on matters related to Committee meetings and governance. This category primarily consists of time spent corresponding with members of the Committee regarding the Debtor's proposed actions during the Fee Application Period and the status of the Case; drafting committee organizational documents including bylaws and meeting minutes; preparing case analyses for the Committee; conducting telephonic meetings of the Committee, and drafting minutes of those meetings.

11) *Asset Sales* $23,732.00

SugarFGH spent 44.8 hours at a cost of $23,732.00 on matters related to the sale of the Debtor's assets. This category primarily includes time spent reviewing analyses of the liquidation value of the Debtor's assets including potentially unencumbered assets; analyzing the Debtor's negotiated asset sale with Harmon, Inc.; analyzing the Debtor's proposed sale of the Debtor's Modular Wall division; advising the Committee on various sale-related related auction and purchase agreements; and reviewing the Debtor's motions to sell personal property from various locations including automobiles, other vehicles and equipment.

12) *Avoidance Actions* $41,285.00

SugarFGH spent 105.4 hours at a cost of $41,285.00 on matters related to analyzing potential avoidance actions of the estate; communicating with the Debtor regarding those actions; and drafting a joint motion to pursue avoidance actions with the Debtor's consent. SugarFGH also spent significant time drafting motions relating to the pursuit of avoidance actions by the Committee, drafting a motion to establish procedures governing those avoidance actions, and negotiating the terms of a final order under which the Committee would pursue avoidance actions on a contingent fee basis with various parties in interest. Finally, SugarFGH spent time analyzing avoidance actions of the Debtor's estate unrelated to those non-insider preference actions currently being pursued on a

contingent fee basis (and, therefore, not subject to this Final Fee Application), as well as researching treatment of such actions under local precedent.

13) *Plan & Disclosure Statement* $205,814.50

SugarFGH spent 415.5 hours at a cost of $205,814.50 on matters related to the Plan and disclosure statement, including communications with the Debtor regarding the extension of the exclusive period for filing a plan; drafting and amending the liquidating Plan and disclosure statement pursuant to a global settlement with the Debtor and First Midwest Bank; corresponding with the Debtor and First Midwest Bank regarding comments and revisions to the Plan and disclosure statement; analyzing various issues relating to the Plan and disclosure statement; negotiating and drafting amendments to the Plan with the Debtor and various parties in interest; working with the Debtor's professionals to solicit votes on the plan; and presenting the Plan and disclosure statement to the Court for confirmation and approval, which was ultimately granted.

14) *Litigation* $12,428.50

SugarFGH spent 29.4 hours at a cost of $12,428.50 on matters related to litigation issues in the Debtor's bankruptcy case. This category primarily includes time spent analyzing WARN Act claims asserted by a former employee in an adversary proceeding filed as a class action against the Debtor, and, in consultation with the Debtor taking the lead on preparing a joint response to the WARN Act complaint filed in the adversary case, leading to its dismissal.

15) *Surety Preference Issues* $155,692.00

SugarFGH spent 297.9 hours at a cost of $155,692.00 on matters related to the Debtor's actions against its various surety companies, including substantial amounts of time (i) communicating with the Debtor regarding the amount and extent of its claims against various sureties for avoidance of preferential transfers; (ii) negotiating with various sureties toward a global settlement of these issues and related matters; and (iii) addressing issues raised by various sureties relating to the Committee's pending avoidance actions in which the sureties intervened and asserted various defenses.

B. **Expense Reimbursement**

16. In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Fee Application Period are set forth in *Exhibit G* attached to this Final Fee Application. Expenses during the Fee Application Period were incurred in the following categories:

10

  a. *Photocopying*
  SugarFGH incurred copying and printing charges in the amount of $741.80.  SugarFGH charges clients $0.10 per copy.

  b. *Postage*
  SugarFGH incurred expenses in the amount of $554.21 in connection with postage and shipping costs.

  c. *CM/ECF Charges & Filing Fees*
  SugarFGH incurred expenses in the amount of $1,269.83 in connection with CM/ECF charges and filing pleadings.

  d. *Miscellaneous Charges*
  SugarFGH incurred additional expenses in the amount of $786.48 in connection with miscellaneous matters.

17. All expenses incurred by SugarFGH in connection with its representation of the Committee were ordinary and necessary expenses.  All expenses billed to the Committee were billed in the same manner SugarFGH bills its non-bankruptcy clients.

18. SugarFGH does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic legal research, and facsimile transmissions.  Such expenses are factored into SugarFGH's hourly rates.

**C. Benefit to the Estate**

19. SugarFGH actively and zealously represented the Committee in all matters during these chapter 11 proceedings.  SugarFGH's services rendered during the Fee Application Period were beneficial to the estate and unsecured creditors, and its requested compensation should be approved on a final basis.  SugarFGH provided valuable assistance and guidance to the Committee and its constituents in the pursuit of maximizing value for unsecured creditors in this Case, leading to successful confirmation of a plan of liquidation and the most beneficial result for Trainor's various constituencies given the undisputed difficult circumstances of this Case.

**D.      SugarFGH Has Provided Adequate Notice and Opportunity to Object to this Final Fee Application**

20.     In compliance with Bankruptcy Rule 2002(a)(6) and the Compensation Order, SugarFGH has provided 21 days' notice of this Final Fee Application to (a) the Debtor and its counsel; (b) the Office of the United States Trustee; (c) counsel for First Midwest Bank; and (d) all parties requesting electronic service via the Court's CM/ECF system under Bankruptcy Rule 2002.

21.     Objections to this Final Fee Application may be made in writing by March 3, 2014, filed with the Clerk of this Court and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Aaron L. Hammer, Esq., 30 N. LaSalle St., Ste. 3000, Chicago, IL 60602.

*Wherefore*, SugarFGH requests the entry of an order substantially in the form attached to this Final Fee Application that:

(a)     Allows and approves final compensation to SugarFGH of $833,603.50 in compensation for professional services rendered, and reimbursement of $3,352.32 for actual and necessary expenses incurred, by SugarFGH during the Fee Application Period;

(b)     Authorizes payment to SugarFGH for amounts approved under the Final Fee Application, including those not already paid by the Debtor in an amount equal to $78,677.51; and

(c)     Provides SugarFGH with such additional relief as appropriate under the circumstances.

| | |
|---|---|
| Date: February 5, 2014 | **SUGAR FELSENTHAL GRAIS & HAMMER LLP** |
| | By: /s/ Aaron L. Hammer |
| | One of Its Attorneys |

Aaron L. Hammer, Esq. (6243069)
Mark S. Melickian, Esq. (6229843)
Jack O'Connor, Esq. (6302674)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
ahammer@SugarFGH.com
mmelickian@SugarFGH.com
joconnor@SugarFGH.com

*Counsel to the Official Committee of Unsecured Creditors of Trainor Glass Company*