## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRAINOR GLASS COMPANY, | ) | Case No. 12 B 09458 |
| d/b/a Trainor Modular Walls, | ) | |
| Trainor Solar, and Trainor Florida, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | |
| | ) | |

### COVER SHEET FOR SEVENTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES

Name of Applicant:                                Arnstein & Lehr LLP

Authorized to Provide
Professional Services to:                         Debtor-in-Possession

Date of Order Authorizing
Employment:                                       April 10, 2012, retroactive to
                                                  March 9, 2012

Period for which Compensation                     March 9, 2012 through
and Reimbursement is Sought:                      January 8, 2014

Total Amount of Fees:                             $1,274,719.00

Amount of Expense Reimbursement
Sought:                                           $19,545.63


This is Arnstein & Lehr LLP's
Final Fee Application


Date:  February 7, 2014                           ARNSTEIN & LEHR LLP


                                                  By: ____/s/ Michael L. Gesas_____

11478795.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | **Case No. 12 B 09458** |
| **d/b/a Trainor Modular Walls,** | ) | |
| **Trainor Solar, and Trainor Florida,** | ) | **Hon. Carol A. Doyle** |
| | ) | |
| Debtor. | ) | **Date:  March 5, 2014** |
| | ) | **Time: 10:00 a.m.** |

**<u>NOTICE OF MOTION</u>**

To:     See Attached Service List

PLEASE TAKE NOTICE that on **<u>March 5, 2014 at 10:00 a.m.</u>** or as soon thereafter as counsel may be heard, we will appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 742 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached **SEVENTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES,** at which time and place you may appear as you see fit.

Respectfully submitted,
ARNSTEIN & LEHR LLP

By:   /s/ Michael L. Gesas
         One of its Attorneys

Michael L. Gesas  (06186924)
David A. Golin  (06180517)
Kevin H. Morse  (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

11462630.1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael L. Gesas, an attorney, certify that I caused a copy of the foregoing Notice of Motion and Application to be served on the parties listed on the attached service lists by the Court's ECF System to those entities entitled to electronic service or by U.S. mail, postage pre-paid, on February 7, 2014.


/s/ Michael L. Gesas               

ii

## SERVICE LIST

*Via ECF*

- **Mark E Abrams**    abramspc@aol.com
- **George P Apostolides**    gpapostolides@arnstein.com, jbmedziak@arnstein.com
- **George P Apostolides**    gpapostolides@arnstein.com, jbmedziak@arnstein.com
- **Kenneth J Ashman**    kashman@ashmanlawoffices.com, kseay@ashmanlawoffices.com
- **Mark D Belongia**    mbelongia@ralaw.com, msullivan@ralaw.com;casedocket@ralaw.com
- **Robert R Benjamin**    rrbenjamin@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;asimmons@golanchristie.com;tstephenson@golanchristie.com
- **Beverly A Berneman**    baberneman@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;asimmons@golanchristie.com;tstephenson@golanchristie.com
- **Brendan G Best**    bbest@schaferandweiner.com
- **Richard A Bixter**    richard.bixter@hklaw.com
- **Paul A Brocksmith**    paul@brocklaw.com
- **William J. Bryan**    wbryanlaw@comcast.net
- **Daniel E Budorick**    dbudorick@pecklaw.com, lbarker@pecklaw.com;acustardo@pecklaw.com
- **Megan M Burke**    mburke@rmp-llc.com
- **Steven B Chaiken**    schaiken@ag-ltd.com, lhope@ag-ltd.com
- **Aaron B Chapin**    achapin@reedsmith.com
- **Barry A Chatz**    bachatz@arnstein.com, jbmedziak@arnstein.com
- **Albert L Chollet**    achollet@wthf.com, cdrexler@wthf.com
- **Rosanne Ciambrone**    rciambrone@duanemorris.com, jkahane@duanemorris.com
- **Bryan K Clark**    bclark@lathropgage.com
- **Timothy J Conklin**    tconklin@fosterbuick.com, smaahs@fosterbuick.com
- **Francisco Connell**    fconnell@chuhak.com, hcummins@chuhak.com
- **Boyd A Correll**    acorrell@caudlespears.com
- **Joseph E Cotterman**    joe@andantelaw.com, jessica@andantelaw.com;brittany@andantelaw.com;kara@andantelaw.com;ashley@andantelaw.com
- **Gabriel A Crowson**    gcrowson@mcglinchey.com, sholmes@mcglinchey.com
- **Michael L Cummings**    michael@esb-law.com
- **Anthony J. D'Agostino**    ajdagostino@golanchristie.com, lreuther@golanchristie.com,mperez@golanchristie.com,aprior@golanchristie.com,asimmons@golanchristie.com,tstephenson@golanchristie.com
- **Amy E Daleo**    adaleo@cohonraizes.com
- **Michael J. Davis**    mdavis@archerbay.com, davislaw80@gmail.com
- **Jason J DeJonker**    jdejonker@seyfarth.com, kmccarthy@seyfarth.com;chidocket@seyfarth.com
- **Shelly A. DeRousse**    sderousse@stahlcowen.com, cgarcia@stahlcowen.com
- **John S. Delnero**    john.delnero@klgates.com, Chicago.docket@klgates.com;darlene.mroz@klgates.com;klgatesbankruptcy@klgates.com

- **John S. Delnero**    john.delnero@klgates.com,
  Chicago.docket@klgates.com;darlene.mroz@klgates.com;klgatesbankruptcy@klgates.com
- **Patrick G Donnelly**    pdonnelly@dlhlawoffices.com
- **Patrick G Donnelly**    pdonnelly@dlhlawoffices.com
- **Jeremy M Downs**    jeremy.downs@goldbergkohn.com,
  kristina.bunker@goldbergkohn.com
- **Michael J Dudek**    mdudek@leoweber.com, emartinez@leoweber.com
- **Michael J Dudek**    mdudek@leoweber.com, emartinez@leoweber.com
- **Jeffrey D Eaton**    jeaton@schiffhardin.com
- **Deborah K Ebner**    dkebner@deborahebnerlaw.com,
  sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com
- **John Eggum**    jeggum@fgppr.com
- **Travis J Eliason**    teliason@kdlegal.com
- **Timothy D. Elliott**    telliott@rathjewoodward.com,
  nwinters@rathjewoodward.com;vlong@rathjewoodward.com
- **Marcia P Ellsworth**    mellsworth@prklaw.com
- **Earle Erman**    eerman@ermanteicher.com, druhlandt@ermanteicher.com
- **Thomas R. Fawkes**    tfawkes@freeborn.com, bkdocketing@freeborn.com
- **Michelle L Feola**    mfeola@frltd.com
- **Edward F. Filer**    efiler@freeborn.com, cryan@freeborn.com
- **William A Frazell**    bill.frazell@texasattorneygeneral.gov
- **Zachary J Garrett**    zachary.garrett@goldbergkohn.com,
  kristina.bunker@goldbergkohn.com
- **Michael L. Gesas**    mlgesas@arnstein.com,
  blsutton@arnstein.com;jbmedziak@arnstein.com
- **Michael L. Gesas**    mlgesas@arnstein.com,
  blsutton@arnstein.com;jbmedziak@arnstein.com
- **Steven A Ginther**    ndilecf@dor.mo.gov
- **Jonathan D. Golding**    jgolding@goldinglaw.net
- **Richard N Golding**    rgolding@goldinglaw.net
- **David A. Golin**    dagolin@arnstein.com, mgonzalez@arnstein.com
- **Geoffrey S. Goodman**    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- **Geoffrey S. Goodman**    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- **Karen R Goodman**    kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- **Joshua D. Greene**    jgreene@archerbay.com
- **Aaron L. Hammer**    ahammer@sugarfgh.com,
  chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- **John F Hiltz**    jhiltz@hwzlaw.com, kwantuch@hwzlaw.com,bzanzig@hwzlaw.com
- **Brian J Jackiw**    bjackiw@freeborn.com, bkdocketing@freeborn.com
- **Lindsay James**    ljames@smv-law.com, jsiciliano@smv-law.com
- **Christopher Johnson**    cgschifflaw@gmail.com
- **Patrick M. Jones**    pmj@greensfelder.com, je@greensfelder.com
- **Michael Joyce**    mjoyce@crosslaw.com, smacdonald@crosslaw.com
- **James W Kienzle**    jkienzle@wwmlawyers.com
- **Michael B Kind**    mkind@edwardswildman.com

- **Carl N Kunz III**    ckunz@morrisjames.com,
  wweller@morrisjames.com;jdawson@morrisjames.com
- **Caroline Kwak**    ckwak@cohonraizes.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Thomas S. Leo**    sleo@leoweber.com, mwargo@leoweber.com
- **Marc S Lipinski**    mlipinski@dlhlawoffices.com
- **John A Lipinsky**    jlipinsky@comananderson.com,
  khaskell@comananderson.com;tmaurer@comananderson.com
- **Frank Marco**    fmarco@gregoriolaw.com, sbain@gregoriolaw.com
- **Joseph Marconi**    marconij@jbltd.com, konczalc@jbltd.com
- **Matthew G Martinez**    matthew.martinez@sidley.com, efilingnotice@sidley.com
- **Adrian E Mazar**    mazaresq@sbcglobal.net, mazaresq@sbcglobal.net
- **Mark Melickian**    mmelickian@SugarFGH.com,
  ahammer@sugarfgh.com;joconnor@sugarfgh.com;mbrandess@sugarfgh.com;bkdocket
  @sugarfgh.com
- **Alexander M Memmen**    amm@memmenlaw.com
- **Jenna L Miara**    mweiner@hsplegal.com
- **Jeffrey M Monberg**    jmonberg@kdlegal.com, jfik@kdlegal.com
- **Michael C. Moody**    mmoody@orourkeandmoody.com,
  firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- **James E. Morgan**    jem@h2law.com, smckinney@howardandhoward.com
- **Kevin H Morse**    khmorse@arnstein.com
- **Kevin H Morse**    khmorse@arnstein.com
- **Brendan J. Nelligan**    bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com
- **David A. Newby**    dnewby@comananderson.com, tmaurer@comananderson.com
- **Michelle G Novick**    mgnovick@arnstein.com, lcsolomon@arnstein.com
- **Sven T Nylen**    sven.nylen@klgates.com, teresa.gomez@klgates.com
- **James O'Connell-Miller**    leighton.oconnellmiller@bryancave.com
- **Lindsey Olson**    lindsey@theolsonfirm.com
- **Joel R Page**    jpage@rmp-llc.com
- **Lars A Peterson**    lapeterson@foley.com, khall@foley.com
- **Douglas Petrovic**    dpetrovic@ridgeassoc.com, dougpetrovic@yahoo.com
- **Eric S Playter**    eplayter@dunndavison.com
- **Gabriel Reilly-Bates**    gbates@taftlaw.com, sfdocket@taftlaw.com
- **John M. Riccione**    jriccione@agdglaw.com
- **Cornelius F Riordan**    criordan@rmp-llc.com, egrubb@rmp-llc.com
- **Cornelius F Riordan**    criordan@rmp-llc.com, egrubb@rmp-llc.com
- **Rebecca M Rothmann**    rebecca.rothmann@wilsonelser.com
- **Brianna M Sansone**    bsansone@agdglaw.com,
  wserritella@agdglaw.com;molson@agdglaw.com
- **Scott A Semenek**    scott.semenek@faegrebd.com, droberg@faegrebd.com
- **Brian L Shaw**    bshaw100@shawfishman.com, bharrington@shawfishman.com
- **James B. Sowka**    jsowka@seyfarth.com,
  chidocket@seyfarth.com;ctholen@seyfarth.com
- **David J Stein**    dstein@pretzel-stouffer.com
- **Joseph M Tiller**    jtiller@jonesday.com
- **David J Valdini**    dvaldini@valdinilaw.com, jkendrick@valdinilaw.com
- **Eric L Walberg**    ewalberg@walberglaw.com

- **Kathy Wantuch**     kwantuch@hiltzlaw.com,
  jhiltz@hiltzlaw.com;bzanzig@hwzlaw.com
- **Kathy Wantuch**     kwantuch@hiltzlaw.com,
  jhiltz@hiltzlaw.com;bzanzig@hwzlaw.com
- **Michael I. White**     mwhit1967@aol.com
- **Jeff A Whitehead**     jeffwhitehead_2000@yahoo.com,
  jeffwhiteheadlawnotices@gmail.com
- **Thomas C. Wolford**     twolford@ngelaw.com,
  ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- **Stefanie Wowchuk McDonald**     stefanie.mcdonald@dentons.com,
  NDIL_ECF@dentons.com

10161510.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | **Case No. 12 B 09458** |
| **d/b/a Trainor Modular Walls,** | ) | |
| **Trainor Solar, and Trainor Florida,** | ) | **Hon. Carol A. Doyle** |
| Debtor. | ) | |
| | ) | **Date:  March 5, 2014** |
| | ) | **Time: 10:00 a.m.** |

**SEVENTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES**

Arnstein & Lehr LLP ("A&L"), bankruptcy counsel for Trainor Glass Company (the

"Debtor"), pursuant to section 330 of title 11, United States Code (the "Bankruptcy Code"),

Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy

Procedures"), Local Rule 5082-1 of Bankruptcy Practice and Procedures of the United States

Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and in accordance

with the Administrative Order Establishing Procedures for Interim Compensation and

Reimbursement of Professionals [Docket No. 81] (the "Fee Procedures Order"), applies to this

Court for an entry of an order: (a) allowing compensation to A&L in the amount of $98,750.50

for legal services rendered during the period November 1, 2013 through January 8, 2014 and for

the preparation and presentation of final fee applications for all of Debtor's professionals;

(b) allowing reimbursement to A&L in the amount of $582.64 for expenses incurred during the

period  November 1, 2013 through January 8, 2014; (c) authorizing the Liquidating Trustee of

the Trainor Liquidating Trust to pay to A&L the allowances for compensation and

reimbursement for expenses for the period November 1, 2013 through January 8, 2014 and for

the preparation and presentation of final fee applications for the Debtor's professionals which

remains unpaid ($98,050.14) when permitted under the confirmed plan in this case, and (d)

allowing, on a final basis, compensation to A&L in the amount of $1,274,719.00 for legal services rendered during the period March 9, 2012 through January 8, 2014 and for the preparation and presentation of final fee applications for the Debtor's professionals and reimbursement to A&L in the amount of $19,545.63 for expenses incurred during the period March 9, 2012 through January 8, 2014.  In support thereof, A&L respectfully states as follows:

**A.**   **Background**

4.   On March 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case.  On March 27, 2012, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.   The Debtor is an Illinois corporation that was founded in 1953 by Robert J. Trainor Sr. to pursue a residential glass business in Chicago, Illinois. The Debtor's business model was focused on quality fabrication, design, engineering, and installation of glass products and framing systems in virtually every architectural application, including (a) new construction, (b) green-building solutions, (c) building rehabilitation, (d) storefronts and entrances, (e) tenant interiors, and (f) custom-specialty work.

6.   After inception, the Debtor expanded from its base in Chicago and at one time had operations in (a) Phoenix, Arizona, (b) Denver, Colorado, (c) Jacksonville Beach, Florida, (d) Riviera Beach, Florida, (e) Atlanta, Georgia, (f) Alsip, Illinois, (g) Michigan City, Indiana, (h) South Bend, Indiana, (i) Baltimore, Maryland, (j) Detroit, Michigan, (k) Las Vegas, Nevada, (1) Kearny, New Jersey, (m) Charlotte, North Carolina, (n) Austin, Texas, (o) Ogden, Utah, and (p) Farmers Branch, Texas.

7.   The documented slowdown in the national economy, which began in early 2008, impacted the commercial construction industry by significantly increasing material pricing and

competition among glass contractors. By 2010, the Debtor found itself with significantly reduced liquidity and financial losses which caused the Debtor to close many of its plants, sell equipment, and reduce workforce.  During the period June 2011 - December 31, 2011, the Debtor closed thirteen facilities, resulting in significant additional losses.  On February 21, 2012, after being unable to secure additional financing necessary to continue operating, the Debtor ceased business operations and terminated all employees.  At that time, the Debtor operated nine facilities and had approximately 508 employees (148 union and 360 non-union) in 14 states.

**B.     The Debtor's Secured Indebtedness, Use of Cash Collateral and the First Midwest Diminution Claim**

8.      Prior to the Petition Date, First Midwest Bank ("First Midwest") made certain loans and other financial accommodations (the "Prepetition Loans") to Trainor, including a revolving line of credit, term loans, letters of credit and equipment finance loans pursuant to that certain Business Loan Agreement (Asset Based) dated as of August 27, 2004 by and between Trainor and First Midwest, as amended, modified and supplemented from time to time (the "Prepetition Credit Agreement").

9.       In connection with the Prepetition Credit Agreement, Trainor executed various promissory notes, security agreements and other ancillary documentation (collectively, with the Prepetition Credit Agreement, the "Prepetition Loan Documents").

10.     Pursuant to the Prepetition Loan Documents, Trainor granted a first-priority lien and security interest in substantially all of its assets (the "Pre-Petition Collateral") to First Midwest to secure the repayment of the Prepetition Loans.

11.     As of the Petition Date, the indebtedness under the Prepetition Loan Documents was not less than $34,059,905.29.

12.     Pursuant to orders entered by this Court, the Debtor has been authorized to use the collateral of First Midwest in accordance with a budget as amended and supplemented and as

agreed to by First Midwest and the Committee.

13.     Pursuant to order entered by this Court, First Midwest was allowed a priority claim under section 507(b) of the Bankruptcy Code in the amount of $975,000 (the "First Midwest Diminution Claim").

**C.     Employment of Arnstein & Lehr LLP**

14.     On April 10, 2012, this Court entered an order authorizing the Debtor to retain and employ A&L as its bankruptcy counsel, *nunc pro tunc* to the Petition Date [Doc. No. 83].

15.     Prior to the Petition Date, A&L received a security retainer from the Debtor. As of the Petition Date, the amount of the security retainer was $19,000. The retainer has been applied to fees previously allowed by the Court.

**D.     Fee Procedures Order**

16.     On April 10, 2012, the Court entered the Fee Procedures Order. The Fee Procedures Order authorized each professional retained in this case, including A&L, to file and serve upon the parties identified therein (the "Notice Parties") monthly statements of fees and expenses. If no timely objection was filed prior to the expiration of the objection period, the Debtor was authorized to pay the professional an amount equal to eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the monthly statement.

**E.     Joint Plan Confirmation**

17.     On December 20, 2013, the Court entered an order (the "Confirmation Order") [Doc. No. 1674] confirming the Debtor's and Committee's Second Amended Joint Plan of Liquidation (the "Plan") [Doc. No. 1571], as modified by the Confirmation Order.

18.     On January 9, 2014 (the "Effective Date"), the Plan became effective and all assets of the Debtor's estate were transferred to the Trainor Liquidating Trust. Phillip Van Winkle is the Liquidating Trustee under the Trainor Liquidation Trust.

19.     The Plan, as modified by the Confirmation Order, provides that the fees of A&L accruing from February 1, 2013 through the Effective Date could be paid: (a) from the cash collateral of First Midwest in an amount up to $160,000, (b) from unencumbered funds in an amount up to $150,000, prior to the payment of the First Midwest Diminution Claim, and (c) from unencumbered funds after the payment of the First Midwest Diminution Claim.

**F.     Prior Interim Fee Applications, Allowances and Payments**

20.     The Fee Procedures Order required each professional to file with the Court and serve on the Notice Parties an application for approval and allowance of all compensation and reimbursement for expenses sought in the monthly statements filed for the period ending June 30, 2012, and at three-month intervals thereafter.

21.     On July 16, 2012, A&L filed its first interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $505,406.00 and reimbursement for expenses in the amount of $7,718.34 for the period March 9, 2012 through June 30, 2012 [Doc. No. 433].  A&L has received full payment of these allowances.

22.     On October 19, 2012, A&L filed its second interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $190,143.50 and reimbursement for expenses in the amount of $7,076.57 for the period July 1, 2012 through September 30, 2012 [Doc. No. 642]. A&L has received full payment of these allowances.

23.     On January 23, 2013, A&L filed its third interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $119,150.00 and reimbursement for expenses in the amount of $1,759.60 for the period October 1, 2012 through December 31, 2012 [Doc. No. 785].  A&L has

received full payment of these allowances.

24.     On April 24, 2013, A&L filed its fourth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $129,791.50 and reimbursement for expenses in the amount of $1,192.93 for the period January 1, 2013 through March 31, 2013 [Doc. No. 1144].  A&L has received full payment of these allowances.

25.     On September 4, 2013, A&L filed its fifth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $106,306.50 and reimbursement for expenses in the amount of $668.42 for the period April 1, 2013 through June 30, 2013 [Doc. No. 1440].  A&L has received full payment of these allowances.

26.     On November 20, 2013, A&L filed its sixth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed A&L interim compensation in the amount of $125,171.00 and reimbursement for expenses in the amount of $547.13 for the period July 1, 2013 through October 31, 2013 [Doc. No. 1613].  A&L has received full payment of these allowances.

27.     A summary of the Interim Fee Applications is set forth below:

| Fee Application | Time Period | Fees Allowed | Expenses Allowed |
|---|---|---|---|
| First | March 9, 2012 – June 30, 2012 | $505,406.00 | $7,718.34 |
| Second | July 1, 2012 – September 30, 2012 | $190,143.50 | $7,076.57 |
| Third | October 1, 2012 – December 31, 2012 | $119,150.00 | $1,759.60 |
| Fourth | January 1, 2013 – March 31, 2013 | $129,791.50 | $1,192.93 |
| Fifth | April 1, 2013 – June 30, 2013 | $106,306.50 | $668.42 |
| Sixth | July 1, 2013 – October 31, 2013 | $125,171.00 | $547.13 |
| | | **TOTALS:** $1,175,968.50 | $18,962.99 |

**G.      November and December, 2013 Statements and January 1 – 8, 2014 Invoices**

28.      In accordance with the Fee Procedures Order, A&L filed the following monthly statements for interim compensation and reimbursement for expenses for November and December 2013.

a.      On December 12, 2013, A&L filed and served its twenty-first monthly statement for the period November 1, 2013 through November 30, 2013 [Doc. No. 1626] (the "<u>November Monthly Statement</u>") requesting fees in the amount of $31,081.50 and reimbursement for expenses in the amount of $224.68.  A copy of the November Monthly Statement is attached hereto as **<u>Exhibit A</u>**.  No objection to the November Monthly Statement was filed.  A&L has received payment of $1,283 for the November Monthly Statement.  A&L, however, did not receive any additional payment for the November Monthly Statement because, under the Plan (as modified by the Confirmation Order), it must await payment of the First Midwest Diminution Claim.

b.      On January 17, 2014, A&L filed and served its twenty-second monthly statement for the period December 1, 2013 through December 31, 2013 [Doc. No. 1697] (the "<u>December Monthly Statement</u>") requesting fees in the amount of $53,282.50 and reimbursement for expenses in the amount of $357.96.  A copy of the December Monthly Statement is attached hereto as **<u>Exhibit B</u>**.  No objection to the December Monthly Statement was filed. A&L, however, did not receive any payment for the December Monthly Statement because, under the Plan (as modified by the Confirmation Order), it must await payment of the First Midwest Diminution Claim.

29.      During the period January 1, 2014 through January 8, 2014, A&L incurred fees in the amount of $2,386.50.  Copies of the invoices for the period January 1 – 8, 2014 (the "<u>January 1 – 8 Invoices</u>") are attached hereto collectively as **<u>Exhibit C</u>**.

30.     A summary of the November Monthly Statement, the December Monthly

Statement and the January 1 – 8 Invoices is set forth below:

| Month(s) | Total Fees | Fees Paid | Fees Unpaid | Total Expenses | Expenses Paid |
|----------|-----------:|----------:|------------:|---------------:|--------------:|
| November 2013 | $31,081.50 | $1,058.32 | $29,798.50 | $224.68 | $0.00 |
| December 2013 | $53,282.50 | $0.00 | $53,282.50 | $357.96 | $0.00 |
| January 2014 | $2,386.50 | $0.00 | $2,386.50 | $0.00 | $0.00 |
| **TOTALS** | **$86,750.50** | **$1,058.32** | **$85,467.50** | **$582.64** | **$0.00** |

31.     The aggregate unpaid fees for this period are $85,467.50 and unpaid expenses are

$582.64 for a total of $86,050.14.

32.     This is A&L's seventh and final application for allowance of fees and

reimbursement for expenses.  By this application, A&L seeks allowance of compensation in the

amount of $86,750.50 and reimbursement for expenses in the amount of $582.64 for the period

November 1, 2013 through January 8, 2014 and allowance of compensation in the amount of

$12,000 for the preparation and presentation of this final fee application and the final fee

applications of the other professionals employed by the Debtors.  A&L further requests that the

Liquidating Trustee be authorized to pay the amount of such allowances that remains unpaid

($98,050.14) at such time as the First Midwest Diminution Claim has been paid in full.

**Itemization and Categories of Services**

33.     Itemized and detailed descriptions of the specific services rendered by A&L to the

Debtor during the period November 1, 2013 through January 8, 2014 are reflected on the

statements attached hereto as **Exhibit A** through **Exhibit C**.  Each statement sets forth the name

of each attorney or paralegal rendering a service, the amount of time expended rendering each

service, the date on which each service was rendered, a description of the service and the total

number of hours of services rendered by each professional in each category.

34.     The services rendered by A&L during the period November 1, 2013 through January 8, 2014 have been segregated into nine (9) categories as follows:  Case Administration; Financing; Relief from Stay; Plan/Disclosure Statement; Claims Administration/Creditor Issues; Fee Petition; Tax Issues; Litigation; and Mechanics Liens.  The aggregate amount of fees sought by A&L for each of the aforesaid billing categories is summarized as follows:

| Category | Fees |
|---|---|
| Case Administration | $10,473.00 |
| Financing | $378.00 |
| Relief from Stay Issues | $703.50 |
| Plan/Disclosure Statement | $51,839.00 |
| Claims Administration/ Creditor Issues | $324.00 |
| Fee Petition | $5,506.00 |
| Tax Issues | $54.00 |
| Litigation | $2,853.00 |
| Mechanics Liens | $14,620.00 |
| **TOTAL FEES:** | **$86,750.50** |

35.     The time expended by each billing professional is set forth below and summarized as follows:

| Attorney / Professional | Practice Area | Hours | 2013 Rate | 2014 Rate | Total Fees |
|---|---|---|---|---|---|
| Becky L. Sutton  (BLS) | Paralegal | 1.5 | $240.00 | N/A | $360.00 |
| David A. Golin (DAG) | Bankruptcy | 101.5 | $540.00 | $555.00 | $55,144.50 |
| George P. Apostolides (GPA) | Litigation | 4.8 | $475.00 | N/A | $2,280.00 |
| Joshua M. Atlas (JMA) | Construction | 6.6 | $325.00 | N/A | $2,145.00 |
| Kevin H. Morse (KHM) | Bankruptcy | 12.4 | $315.00 | N/A | $3,906.00 |
| Michael A. Jacobson (MAJ) | Litigation | 16.2 | $75.00 | N/A | $1,215.00 |
| Michael L. Gesas (MLG) | Bankruptcy | 33.2 | $650.00 | N/A | $21,580.00 |
| Samuel H. Levine (SHL) | Construction | 0.3 | $400.00 | N/A | $120.00 |
|  | **TOTAL:** | **176.5** |  |  | **$86,750.50** |

9

The hourly rates listed above are customary and reasonable and are the same hourly rates charged to A&L's non-bankruptcy clients for various other matters.

36.    There has been no duplication of services, either by partners or associates of A&L.  When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work.

## Narrative Summary of Services

37.    During the period from November 1, 2013 through January 8, 2014, A&L rendered services to the Debtor to enable the Debtor to proceed with an orderly liquidation through chapter 11 of the Bankruptcy Code to successfully confirm a plan.

38.    The services rendered by A&L during the period November 1, 2013 through January 8, 2014 are summarized by category as follows:

General Case Administration: This category includes all general chapter 11 services provided to the Debtor and any other services that cannot be more specifically categorized.  These services include the following: review of drafts of monthly debtor in possession operating reports and causing the reports to be filed; conferences with Debtor's principals with counsel for the Committee, First Midwest Bank, and Lenders' counsel regarding case status generally; attending status hearing informing Court on status of global settlement with sureties; analysis of services that A&L will need to render through confirmation of a plan and conferences with First Midwest Bank regarding such services.

| Case Administration | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 3.4 | $2,118.00 |
| MLG | Partner | 12.3 | $7,995.00 |
| BLS | Paralegal | 1.5 | $360.00 |
| **Total** | | **17.2** | **$10,473.00** |

<u>Financing</u>:   This category includes services relating to the continuing use of cash collateral and debtor in possession financing to allow for the orderly liquidation of the Debtor's estate.   This includes the following services: correspondence with counsel for Bond Safeguard regarding the terms of the budget; correspondence with client and financial consultant relating to entry of cash collateral order.

| Financing | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 0.7 | $378.00 |
| **Total** | | **0.7** | **$378.00** |

<u>Relief from Stay Issues</u>:   This category includes services relating to motions for relief from the automatic stay filed by creditors.   This includes the following services: correspondence with counsel for McHugh Construction regarding violation of stay for filing of complaint against the Debtor in state court; correspondence to counsel for Debtor's insurance carrier to confirm coverage for McHugh Construction litigation.

| Relief From Stay | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 1.3 | $703.50 |
| **Total** | | **1.3** | **$703.50** |

<u>Plan/Disclosure Statement:</u>    This category includes all work on the Joint Plan of the Debtor and the Committee and the corresponding Disclosure Statement.   The services include: Review of objections to the Disclosure Statement filed by the WARN Act class claimants and the sureties; analysis of the WARN Act claims and communications with Debtor's consultant; communications with counsel for the WARN Act claimants and counsel for Committee to resolve the WARN Act objections; numerous conferences with counsel for Committee and counsel for First Midwest to resolve surety objections and review of stipulation regarding settlement; communications with counsel for Texas taxing authorities to resolve potential objections; communication with counsel for Committee and counsel for First Midwest to resolve issues concerning priority of payment of administrative claims and preparation of agreement regarding same; numerous communications with counsel for the Committee regarding changes to be made to the Plan and Disclosure Statement; revisions to the Plan and Disclosure Statement; communications with Debtor's principals and their individual counsel regarding the resolution of objections and disputes and the revisions to be made to the Plan and Disclosure Statement; review of Epiq balloting report and declaration; review of confirmation order prepared by Committee counsel; preparation for and attendance at confirmation hearing; review of revised confirmation order; review of revised stipulation of global settlement; communications with Debtor's principals and Committee counsel regarding the Liquidating Trust and its execution.

| Plan/Disclosure Statement | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 72.0 | $38,904.00 |
| MLG | Partner | 19.9 | $12,935.00 |
| **Total** | | **91.9** | **$51,839.00** |

Claims Admin./Creditor Issues:   This category includes communications with former employees and other creditors relating to their claims and general matters concerning the Debtor's chapter 11 case.  The services include: communication with Illinois Department of Labor in response to notices of hearing on wage claims; and correspondence with former employee regarding plan and disclosure statement material received.

| Claims Admin / Creditor Issues | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 0.6 | $324.00 |
| **Total** | | **0.6** | **$324.00** |

Fee Petition:   This category includes all work related to the review and preparation of monthly fee statements for A&L, High Ridge Partners and all of Debtor's local counsel for the months of October 2013, November 2013, and December 2013 and the drafting and preparation of the Sixth Interim Fee Applications of A&L and Debtor's financial consultant, High Ridge Partners and Fee Applications for all of Debtor's local counsel. Specifically, this required review of all of the A&L time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; correspondence with High Ridge Partners and local counsel related to fees paid and outstanding; attending court hearing on the Fee Applications; and correspondence with High Ridge Partners for payment of fees.

| Fee Petition | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 3.7 | $2,013.00 |
| MLG | Partner | 0.5 | $325.00 |
| KHM | Associate | 6.2 | $1,953.00 |
| MAJ | Associate | 16.2 | $1,215.00 |

| Total | | 26.6 | $5,506.00 |
|-------|--|------|-----------|

Tax Issues:     This category includes time spent relating to various tax issues including: correspondence with counsel for Dallas County regarding potential claims of the county for outstanding taxes.

| Tax Issues | | | |
|------------|----------|-------|-----------------------|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 0.1 | $54.00 |
| **Total** | | **0.1** | **$54.00** |

Litigation:  This category includes all time spent relating to various litigation matters. These services include: preparation of second amended complaint in the adversary case filed against Bond Safeguard; conferences with counsel for Bond Safeguard regarding discovery issues and extension of time to answer second amended complaint; review of documents produced; appearance in Court at status hearings; review of answer to second amended complaint.

| Litigation | | | |
|------------|----------|-------|-----------------------|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 0.7 | $378.00 |
| GPA | Partner | 4.8 | $2,280.00 |
| MLG | Partner | 0.3 | $195.00 |
| **Total** | | **5.8** | **$2,853.00** |

Mechanics Lien:   This category includes work relating to the Debtor's outstanding accounts receivable and related lien claims.  A&L continued to work on the settlement of a large receivable due from a general contractor (Odebrecht), including negotiating and revising the terms of the settlement agreement and related documents, drafting a motion to approve the settlement, and appearing in court to present the settlement (which was approved); A&L continued to work with local counsel on the litigation pending in the District Court in Maryland regarding monies due from Clark Construction Group and its sureties, and had numerous written and oral communications with Debtor's vice president, Debtor's local counsel, and counsel for First Midwest regarding the issues and the possibility of settlement; A&L continued to work with local counsel on the litigation pending in the District of Columbia regarding monies due from Forrester Construction Company and its sureties, and had numerous written and oral communications with Debtor's vice president, Debtor's local counsel and counsel for First Midwest regarding the issues and the possibility of settlement; A&L had several communications with

counsel for First Midwest and counsel for Bond Safeguard regarding the settlement with Mortenson; A&L had several communications with Debtor's vice president and counsel for Clune Construction regarding the consummation of the settlement with Clune; A&L had communications with counsel for Turner Construction and counsel for First Midwest regarding a settlement with Turner.

| Mechanics Lien | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| DAG | Partner | 19.0 | $10,272.00 |
| JMA | Partner | 6.6 | $2,145.00 |
| MLG | Partner | 0.2 | $130.00 |
| SHL | Partner | 0.3 | $120.00 |
| KHM | Associate | 6.2 | $1,953.00 |
| **Total** | | **32.3** | **$14,620.00** |

39.     A&L respectfully submits that the fees sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended.

40.     No agreement exists between A&L and any third party for the sharing of compensation received by A&L in this case, except as allowed by section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules with respect to sharing of compensation among members of A&L.

## Expenses

41.     During the period November 1, 2013 through January 8, 2014, A&L incurred expenses in connection with its services consisting of: postage, scanning of documents for production, cab fare, and lunch (for a meeting with all interested parties to discuss a global settlement with the sureties).  An itemization of expenses is set forth in the attached statements and invoices.  A&L seeks allowance of $582.64 for reimbursement for expenses.

**Preparation of Final Fee Applications
For All of Debtor's Professionals**

42.     A&L has prepared or assisted with the preparation of the final fee applications for

filing and presentation for the following professionals employed by the Debtor:

| | |
|---|---|
| A&L | Bankruptcy Counsel |
| High Ridge Partners | Consultant |
| Arnold & Arnold | Special Counsel |
| Rees Broome, P.C. | Special Counsel |
| Thompson Hine, LLP | Special Counsel |
| William M. Black, Jr. | Special Counsel |
| Thomas, Feldman & Wilshasen, LLC | Special Counsel |

A&L estimates that its fees for such services will be approximately $14,000.00.  A & L requests

allowance of $12,000.00 for such services as part of its final compensation.

**Notice**

43.     In accordance with the Fee Procedures Order, notice of this application has been

given to: counsel to First Midwest, counsel to the Committee, the Office of the United States

Trustee, and any parties who have filed an appearance in this case and requested such notice.

WHEREFORE, Arnstein & Lehr LLP respectfully requests that the Court enter an Order:

(A)     Allowing compensation to A&L in the amount of $98,750.50 for legal services

rendered during the period November 1, 2013 through January 8, 2014 and for the

preparation and presentation of the final fee applications for the Debtor's

professionals;

(B)     Allowing reimbursement to A&L in the amount of $582.64 for expenses incurred

during the period November 1, 2013 through January 8, 2014;

(C)     Authorizing the Liquidating Trustee to pay to A&L the amounts of $97,467.50 as

compensation and $582.64 as reimbursement for expenses, upon payment of the

First Midwest Diminution Claim;

15

(D)     Allowing, on a final basis, compensation to A&L in the amount of $1,274,719.00

for legal services rendered and reimbursement to A&L in the amount of

$19,545.63 for expenses incurred during the period March 9, 2012 through

January 8, 2014 and for the preparation and presentation of the final fee

applications for the Debtor's professionals; and

(E)     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARNSTEIN & LEHR LLP


By:   /s/ Michael L. Gesas
         One of its Attorneys

Michael L. Gesas (06186924)
David A. Golin  (06180517)
Kevin H. Morse  (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

16