## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | Case No. 12 B 09458 |
| **d/b/a Trainor Modular Walls,** | ) | |
| **Trainor Solar, and Trainor Florida,** | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | |
| | ) | |

## COVERSHEET FOR SEVENTH AND FINAL APPLICATION OF HIGH RIDGE PARTNERS, INC. FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES

Name of Applicant:                    High Ridge Partners, Inc.

Authorized to Provide
Professional Services to:              Debtor-in-Possession

Date of Order Authorizing             April 10, 2012, retroactive to
Employment:                           March 9, 2012

Period for which Compensation         March 9, 2012 through
and Reimbursement is Sought:          December 31, 2013

Total Amount of Fees as               $559,028.00
Application Hearing Date:

Amount of Expense Reimbursement       $14,374.66
Sought:

This is High Ridge Partner's
Final Fee Application

Dated: February 7, 2014

HIGH RIDGE PARTNERS, INC            TRAINOR GLASS COMPANY, debtor and
                                    debtor in possession

By:   /s/ Michael J. Eber            By:   /s/ Michael L. Gesas         .

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | **Case No. 12 B 09458** |
| **d/b/a Trainor Modular Walls,** | ) | |
| **Trainor Solar, and Trainor Florida,** | ) | **Hon. Carol A. Doyle** |
| | ) | |
| Debtor. | ) | **Date:  March 5, 2014** |
| | ) | **Time: 10:00 a.m.** |

## <u>NOTICE OF MOTION</u>

To:     See Attached Service List

PLEASE TAKE NOTICE that on **March 5, 2014 at 10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 742 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached **SEVENTH AND FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES,** at which time and place you may appear as you see fit.

Respectfully submitted,
TRAINOR GLASS COMPANY

By:   /s/ Michael L. Gesas
            One of its Attorneys

Michael L. Gesas  (06186924)
David A. Golin  (06180517)
Kevin H. Morse  (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

10699241.2

11478894.1

## <u>CERTIFICATE OF SERVICE</u>

      I, Michael L. Gesas, an attorney, certify that I caused a copy of the foregoing Notice of Motion and Application to be served on the parties listed on the attached service lists by the Court's ECF System to those entities entitled to electronic service or by U.S. mail, postage pre-paid, on February 7, 2014.


                                        /s/ Michael L. Gesas_____

## SERVICE LIST

*Via ECF*

- **Mark E Abrams**   abramspc@aol.com
- **George P Apostolides**   gpapostolides@arnstein.com, jbmedziak@arnstein.com
- **George P Apostolides**   gpapostolides@arnstein.com, jbmedziak@arnstein.com
- **Kenneth J Ashman**   kashman@ashmanlawoffices.com, kseay@ashmanlawoffices.com
- **Mark D Belongia**   mbelongia@ralaw.com, msullivan@ralaw.com;casedocket@ralaw.com
- **Robert R Benjamin**   rrbenjamin@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;asimmons@golanchristie.com;tstephenson@golanchristie.com
- **Beverly A Berneman**   baberneman@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;asimmons@golanchristie.com;tstephenson@golanchristie.com
- **Brendan G Best**   bbest@schaferandweiner.com
- **Richard A Bixter**   richard.bixter@hklaw.com
- **Paul A Brocksmith**   paul@brocklaw.com
- **William J. Bryan**   wbryanlaw@comcast.net
- **Daniel E Budorick**   dbudorick@pecklaw.com, lbarker@pecklaw.com;acustardo@pecklaw.com
- **Megan M Burke**   mburke@rmp-llc.com
- **Steven B Chaiken**   schaiken@ag-ltd.com, lhope@ag-ltd.com
- **Aaron B Chapin**   achapin@reedsmith.com
- **Barry A Chatz**   bachatz@arnstein.com, jbmedziak@arnstein.com
- **Albert L Chollet**   achollet@wthf.com, cdrexler@wthf.com
- **Rosanne Ciambrone**   rciambrone@duanemorris.com, jkahane@duanemorris.com
- **Bryan K Clark**   bclark@lathropgage.com
- **Timothy J Conklin**   tconklin@fosterbuick.com, smaahs@fosterbuick.com
- **Francisco Connell**   fconnell@chuhak.com, hcummins@chuhak.com
- **Boyd A Correll**   acorrell@caudlespears.com
- **Joseph E Cotterman**   joe@andantelaw.com, jessica@andantelaw.com;brittany@andantelaw.com;kara@andantelaw.com;ashley@andantelaw.com
- **Gabriel A Crowson**   gcrowson@mcglinchey.com, sholmes@mcglinchey.com
- **Michael L Cummings**   michael@esb-law.com
- **Anthony J. D'Agostino**   ajdagostino@golanchristie.com, lreuther@golanchristie.com,mperez@golanchristie.com,aprior@golanchristie.com,asimmons@golanchristie.com,tstephenson@golanchristie.com
- **Amy E Daleo**   adaleo@cohonraizes.com
- **Michael J. Davis**   mdavis@archerbay.com, davislaw80@gmail.com
- **Jason J DeJonker**   jdejonker@seyfarth.com, kmccarthy@seyfarth.com;chidocket@seyfarth.com
- **Shelly A. DeRousse**   sderousse@stahlcowen.com, cgarcia@stahlcowen.com
- **John S. Delnero**   john.delnero@klgates.com, Chicago.docket@klgates.com;darlene.mroz@klgates.com;klgatesbankruptcy@klgates.com

- **John S. Delnero**    john.delnero@klgates.com,
  Chicago.docket@klgates.com;darlene.mroz@klgates.com;klgatesbankruptcy@klgates.com
- **Patrick G Donnelly**    pdonnelly@dlhlawoffices.com
- **Patrick G Donnelly**    pdonnelly@dlhlawoffices.com
- **Jeremy M Downs**    jeremy.downs@goldbergkohn.com,
  kristina.bunker@goldbergkohn.com
- **Michael J Dudek**    mdudek@leoweber.com, emartinez@leoweber.com
- **Michael J Dudek**    mdudek@leoweber.com, emartinez@leoweber.com
- **Jeffrey D Eaton**    jeaton@schiffhardin.com
- **Deborah K Ebner**    dkebner@deborahebnerlaw.com,
  sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com
- **John Eggum**    jeggum@fgppr.com
- **Travis J Eliason**    teliason@kdlegal.com
- **Timothy D. Elliott**    telliott@rathjewoodward.com,
  nwinters@rathjewoodward.com;vlong@rathjewoodward.com
- **Marcia P Ellsworth**    mellsworth@prklaw.com
- **Earle Erman**    eerman@ermanteicher.com, druhlandt@ermanteicher.com
- **Thomas R. Fawkes**    tfawkes@freeborn.com, bkdocketing@freeborn.com
- **Michelle L Feola**    mfeola@frltd.com
- **Edward F. Filer**    efiler@freeborn.com, cryan@freeborn.com
- **William A Frazell**    bill.frazell@texasattorneygeneral.gov
- **Zachary J Garrett**    zachary.garrett@goldbergkohn.com,
  kristina.bunker@goldbergkohn.com
- **Michael L. Gesas**    mlgesas@arnstein.com,
  blsutton@arnstein.com;jbmedziak@arnstein.com
- **Michael L. Gesas**    mlgesas@arnstein.com,
  blsutton@arnstein.com;jbmedziak@arnstein.com
- **Steven A Ginther**    ndilecf@dor.mo.gov
- **Jonathan D. Golding**    jgolding@goldinglaw.net
- **Richard N Golding**    rgolding@goldinglaw.net
- **David A. Golin**    dagolin@arnstein.com, mgonzalez@arnstein.com
- **Geoffrey S. Goodman**    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- **Geoffrey S. Goodman**    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- **Karen R Goodman**    kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- **Joshua D. Greene**    jgreene@archerbay.com
- **Aaron L. Hammer**    ahammer@sugarfgh.com,
  chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian
  @sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- **John F Hiltz**    jhiltz@hwzlaw.com, kwantuch@hwzlaw.com,bzanzig@hwzlaw.com
- **Brian J Jackiw**    bjackiw@freeborn.com, bkdocketing@freeborn.com
- **Lindsay James**    ljames@smv-law.com, jsiciliano@smv-law.com
- **Christopher Johnson**    cgschifflaw@gmail.com
- **Patrick M. Jones**    pmj@greensfelder.com, je@greensfelder.com
- **Michael Joyce**    mjoyce@crosslaw.com, smacdonald@crosslaw.com
- **James W Kienzle**    jkienzle@wwmlawyers.com
- **Michael B Kind**    mkind@edwardswildman.com

- **Carl N Kunz III**   ckunz@morrisjames.com,
  wweller@morrisjames.com;jdawson@morrisjames.com
- **Caroline Kwak**   ckwak@cohonraizes.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Thomas S. Leo**   sleo@leoweber.com, mwargo@leoweber.com
- **Marc S Lipinski**   mlipinski@dlhlawoffices.com
- **John A Lipinsky**   jlipinsky@comananderson.com,
  khaskell@comananderson.com;tmaurer@comananderson.com
- **Frank Marco**   fmarco@gregoriolaw.com, sbain@gregoriolaw.com
- **Joseph Marconi**   marconij@jbltd.com, konczalc@jbltd.com
- **Matthew G Martinez**   matthew.martinez@sidley.com, efilingnotice@sidley.com
- **Adrian E Mazar**   mazaresq@sbcglobal.net, mazaresq@sbcglobal.net
- **Mark Melickian**   mmelickian@SugarFGH.com,
  ahammer@sugarfgh.com;joconnor@sugarfgh.com;mbrandess@sugarfgh.com;bkdocket
  @sugarfgh.com
- **Alexander M Memmen**   amm@memmenlaw.com
- **Jenna L Miara**   mweiner@hsplegal.com
- **Jeffrey M Monberg**   jmonberg@kdlegal.com, jfik@kdlegal.com
- **Michael C. Moody**   mmoody@orourkeandmoody.com,
  firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- **James E. Morgan**   jem@h2law.com, smckinney@howardandhoward.com
- **Kevin H Morse**   khmorse@arnstein.com
- **Kevin H Morse**   khmorse@arnstein.com
- **Brendan J. Nelligan**   bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com
- **David A. Newby**   dnewby@comananderson.com, tmaurer@comananderson.com
- **Michelle G Novick**   mgnovick@arnstein.com, lcsolomon@arnstein.com
- **Sven T Nylen**   sven.nylen@klgates.com, teresa.gomez@klgates.com
- **James O'Connell-Miller**   leighton.oconnellmiller@bryancave.com
- **Lindsey Olson**   lindsey@theolsonfirm.com
- **Joel R Page**   jpage@rmp-llc.com
- **Lars A Peterson**   lapeterson@foley.com, khall@foley.com
- **Douglas Petrovic**   dpetrovic@ridgeassoc.com, dougpetrovic@yahoo.com
- **Eric S Playter**   eplayter@dunndavison.com
- **Gabriel Reilly-Bates**   gbates@taftlaw.com, sfdocket@taftlaw.com
- **John M. Riccione**   jriccione@agdglaw.com
- **Cornelius F Riordan**   criordan@rmp-llc.com, egrubb@rmp-llc.com
- **Cornelius F Riordan**   criordan@rmp-llc.com, egrubb@rmp-llc.com
- **Rebecca M Rothmann**   rebecca.rothmann@wilsonelser.com
- **Brianna M Sansone**   bsansone@agdglaw.com,
  wserritella@agdglaw.com;molson@agdglaw.com
- **Scott A Semenek**   scott.semenek@faegrebd.com, droberg@faegrebd.com
- **Brian L Shaw**   bshaw100@shawfishman.com, bharrington@shawfishman.com
- **James B. Sowka**   jsowka@seyfarth.com,
  chidocket@seyfarth.com;ctholen@seyfarth.com
- **David J Stein**   dstein@pretzel-stouffer.com
- **Joseph M Tiller**   jtiller@jonesday.com
- **David J Valdini**   dvaldini@valdinilaw.com, jkendrick@valdinilaw.com
- **Eric L Walberg**   ewalberg@walberglaw.com

- **Kathy Wantuch**     kwantuch@hiltzlaw.com,
  jhiltz@hiltzlaw.com;bzanzig@hwzlaw.com
- **Kathy Wantuch**     kwantuch@hiltzlaw.com,
  jhiltz@hiltzlaw.com;bzanzig@hwzlaw.com
- **Michael I. White**     mwhit1967@aol.com
- **Jeff A Whitehead**     jeffwhitehead_2000@yahoo.com,
  jeffwhiteheadlawnotices@gmail.com
- **Thomas C. Wolford**     twolford@ngelaw.com,
  ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- **Stefanie Wowchuk McDonald**     stefanie.mcdonald@dentons.com,
  NDIL_ECF@dentons.com

10161510.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| **TRAINOR GLASS COMPANY,** | ) | **Case No. 12 B 09458** |
| **d/b/a Trainor Modular Walls,** | ) | |
| **Trainor Solar, and Trainor Florida,** | ) | **Hon. Carol A. Doyle** |
| | ) | |
| Debtor. | ) | **Date: March 5, 2014** |
| | ) | **Time: 10:00 a.m.** |

**SEVENTH AND FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS, INC. FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES**

High Ridge Partners, Inc. ("HRP"), financial consultants for Trainor Glass Company, debtor and former debtor in possession (the "Debtor"), pursuant to section 330 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Procedures"), Local Rule 5082-1 of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and in accordance with the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 81] (the "Fee Procedures Order"), applies to this Court for an entry of an order: (a) allowing HRP compensation in the amount of $9,130.50 for consulting services rendered during the period November 1, 2013 through December 31, 2013 and reimbursement for expenses in the amount of $38.63; (b) authorizing the Liquidating Trustee of the Trainor Liquidating Trust to pay HRP the allowed interim compensation and reimbursement for expenses for the period November 1, 2013 through December 31, 2013 which remains unpaid ($6,485.93) pursuant to the Fee Procedures Order; and (c) allowing, on a final basis, compensation to HRP in the amount of $559,028.00 for consulting services rendered during the period March 9, 2012 through December 31, 2013 and

reimbursement for expenses incurred in the amount of $14,374.66 during the period March 9, 2012 through December 31, 2013.  In support thereof, HRP respectfully states as follows:

### BACKGROUND

4.      On March 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On March 27, 2012, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Debtor is an Illinois corporation that was founded in 1953 by Robert J. Trainor Sr. to pursue a residential glass business in Chicago, Illinois. The Debtor's business model was focused on quality fabrication, design, engineering, and installation of glass products and framing systems in virtually every architectural application, including (a) new construction, (b) green-building solutions, (c) building rehabilitation, (d) storefronts and entrances, (e) tenant interiors, and (f) custom-specialty work.

6.      After inception, the Debtor expanded from its base in Chicago and at one time had operations in (a) Phoenix, Arizona, (b) Denver, Colorado, (c) Jacksonville Beach, Florida, (d) Riviera Beach, Florida, (e) Atlanta, Georgia, (f) Alsip, Illinois, (g) Michigan City, Indiana, (h) South Bend, Indiana, (i) Baltimore, Maryland, (j) Detroit, Michigan, (k) Las Vegas, Nevada, (1) Kearny, New Jersey, (m) Charlotte, North Carolina, (n) Austin, Texas, (o) Ogden, Utah, and (p) Farmers Branch, Texas.

7.      The documented slowdown in the national economy, which began in early 2008, impacted the commercial construction industry by significantly increasing material pricing and competition among glass contractors. By 2010, the Debtor found itself with significantly reduced liquidity and financial losses which caused the Debtor to close many of its plants, sell equipment, and reduce workforce.  During the period June 2011 - December 31, 2011, the Debtor closed

thirteen facilities, resulting in significant additional losses.  On February 21, 2012, after being unable to secure additional financing necessary to continue operating, the Debtor ceased business operations and terminated all employees.  At that time, the Debtor operated nine facilities and had approximately 508 employees (148 union and 360 non-union) in 14 states.

**B.      The Debtor's Secured Indebtedness**

8.      Prior to the Petition Date, First Midwest Bank ("First Midwest") made certain loans and other financial accommodations (the "Prepetition Loans") to Trainor, including a revolving line of credit, term loans, letters of credit and equipment finance loans pursuant to that certain Business Loan Agreement (Asset Based) dated as of August 27, 2004 by and between Trainor and First Midwest, as amended, modified and supplemented from time to time (the "Prepetition Credit Agreement").

9.      In connection with the Prepetition Credit Agreement, Trainor executed various promissory notes, security agreements and other ancillary documentation (collectively, with the Prepetition Credit Agreement, the "Prepetition Loan Documents").

10.      Pursuant to the Prepetition Loan Documents, Trainor granted a first-priority lien and security interest in substantially all of its assets (the "Pre-Petition Collateral") to First Midwest to secure the repayment of the Prepetition Loans.

11.      As of the Petition Date, the indebtedness under the Prepetition Loan Documents was not less than $34,059,905.29.

**C.      Employment of High Ridge Partners, Inc.**

12.      On April 10, 2012, this Court entered an order authorizing the Debtor to retain and employ HRP as its financial consultant, *nunc pro tunc* to the Petition Date [Doc. No. 85].

13.     After the Petition Date, HRP received a security retainer from the Debtor.  The amount of the security retainer was $25,000.00.  As of March 31, 2013, the retainer was fully applied.

**D.     Fee Procedures Order**

14.     On April 10, 2012, the Court entered the Fee Procedures Order.  The Fee Procedures Order authorizes each professional retained in this case, including HRP, to file and serve upon the parties identified therein (the "Notice Parties") monthly statements of fees and expenses.  If no timely objection is filed prior to the expiration of the objection period, the Debtor is authorized to pay the professional an amount equal to eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the monthly statement.

**E.     Joint Plan Confirmation**

15.     On November 13, 2013 the Debtor and the Committee (collectively, the "Plan Proponents"), proposed and filed the Second Amended Joint Plan of Liquidation (Dkt. 1571) (the "Plan") which, among other things, sought to appoint a Liquidating Trustee.

16.     On December 20, 2013, the Court entered an order (the "Confirmation Order") [Doc. No. 1674] confirming the Plan, as modified by the Confirmation Order.

17.     On January 9, 2014 (the "Effective Date"), the Plan became effective and all assets of the Debtor's estate were transferred to the Trainor Liquidating Trust.  Phillip Van Winkle is the Liquidating Trustee under the Trainor Liquidation Trust (the "Liquidating Trustee").

**F.     Interim Fee Applications**

18.     The Fee Procedures Order requires each professional to file with the Court and serve on the Notice Parties an application for approval and allowance of all compensation and

4

reimbursement of expenses sought in the monthly statements filed for the period ending March 31, 2013, and at three-month intervals thereafter.

19.     On July 17, 2012, HRP filed its first interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $302,352.50 and reimbursement for expenses in the amount of $10,463.02 for the period March 9, 2012 through June 30, 2012 [Doc. No. 398].  HRP has received full payment of these allowances.

20.     On October 19, 2012, HRP filed its second interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $95,331.00 and reimbursement for expenses in the amount of $1,939.79 for the period July 1, 2012 through September 30, 2012 [Doc. No. 649]. HRP has received full payment of these allowances.

21.     On January 23, 2013, HRP filed its third interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $61,818.00 and reimbursement for expenses in the amount of $241.02 for the period October 1, 2012 through December 31, 2012 [Doc. No. 728].  HRP has received full payment of these allowances.

22.     On April 24, 2013, HRP filed its fourth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $43,398.00 and reimbursement for expenses in the amount of $1,148.89 for the period January 1, 2013 through March 31, 2013 [Doc. No. 1115].  HRP has received full payment of these allowances.

23.    On September 4, 2013, HRP filed its fifth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $20,209.50 and reimbursement for expenses in the amount of $91.35 for the period April 1, 2013 through June 30, 2013 [Doc. No. 1395].  HRP has received full payment of these allowances.

24.    On November 20, 2013 HRP filed its sixth interim application for allowance of fees and reimbursement for expenses.  After notice and a hearing, this Court allowed HRP interim compensation in the amount of $26,788.50 and reimbursement for expenses of $451.96 for the period July 1, 2013 through October 31, 2013 (Doc. No. 1584).  HRP has received full payment of these allowances.

| Fee Application | Time Period | Fees Allowed | Expenses Allowed |
|---|---|---|---|
| First | March 9, 2012 – June 30, 2012 | $302,352.50 | $10,463.02 |
| Second | July 1, 2012 – September 30, 2012 | $95,331.00 | $1,939.79 |
| Third | October 1, 2012 – December 31, 2012 | $61,818.00 | $241.02 |
| Fourth | January 1, 2013 – March 31, 2013 | $43,398.00 | $1,148.89 |
| Fifth | April 1, 2013 – June 30, 2013 | $20,209.50 | $91.35 |
| Sixth | July 1, 2013 – October 31, 2013 | $26,788.50 | $451.96 |
|  | **TOTALS:** | **$549,897.50** | **$14,336.03** |

## G.    November and December Monthly Statements

25.    In accordance with the Fee Procedures Order, HRP filed the following monthly statements (collectively, the "Monthly Statements") and was paid the following amounts as interim compensation and reimbursement for expenses:

a.    On December 12, 2013, HRP filed and served its twenty first monthly statement for the period from November 1, 2013 through and including November 30,

2013 [Doc. No. 1627] (the "November 2013 Monthly Statement") requesting fees in the amount of $3,354.00. No objection to the November 2013 Monthly Statement was filed. Accordingly, pursuant to the Fee Procedures Order, the Debtor paid to HRP eighty percent (80%) of the fees requested ($2,683.20).

b.      On January 17, 2014, HRP filed and served its twenty second monthly statement for the period from December 1, 2013 through and including December 31, 2013 [Doc. No. 1699] (the "December 2013 Monthly Statement") requesting fees in the amount of $5,776.50. No portion of the fees or expenses detailed on the twenty second monthly statement have been paid. If no objections to the December 2013 Monthly Statement have been filed, accordingly, pursuant to the Fee Procedures Order; the Liquidating Trustee  will pay to HRP one hundred percent (100%) of the December fees requested ($5,776.50) plus the twenty percent Monthly Holdback Fees for November of $670.80 plus $38.63 in expenses pursuant to this final fee application.

26.      A summary of the Monthly Statements is set forth below:

| Month(s) | Total Fees | Fees Paid (80%) | Monthly Holdback Fees (20%) | Expenses (100%) |
|---|---|---|---|---|
| November 2013 | $3,354.00 | $2,683.20 | $670.80 | $0.0 |
| December 2013 | $5,776.50 | $0.0 | $0.0 | $38.63 |
| **TOTALS** | **$9,130.50** | **$2,683.20** | **$670.80** | **$38.63** |

27.      Pursuant to the Fee Procedures Order and the Monthly Statements filed to date, and assuming that there were no objections to the December 2013 Monthly Statement, HRP has received interim payments of fees in the aggregate amount of $2,683.20 for the period November 1, 2013 through December 31, 2013 and requests the payment of the December interim amount plus the November holdback amount and December expenses. The total amount sought by HRP

for amounts unpaid is $6,485.93 comprised of: (1) the December interim amount of $5,776.50;

(2) the November holdback of $670.80; and (3) expenses of $38.63.

### Itemization and Categories of Services

28.      Itemized and detailed descriptions of the specific services rendered by HRP to the

Debtor during the period November 1, 2013 through December 31, 2013 are reflected on the

monthly statements attached hereto as **Exhibit A** and **Exhibit B**.   Each of the Monthly

Statements sets forth the name of each professional rendering a service, the amount of time

expended rendering each service, the date on which each service was rendered, a description of

the service rendered and the total number of hours of services rendered by each professional in

each category.

29.      The services rendered by HRP during the period November 1, 2013 through

December 31, 2013 have been segregated into seven (7) categories as follows:   Case

Administration; Fee Application/Client Billing; Accounting; Monthly Court Reports; Accounts

Receivable (A/R) Review and Collection; Claim Analysis/Objection; and Creditors Committee.

The aggregate amount of fees sought by HRP for each of the aforesaid billing categories is

summarized as follows:

| CATEGORY | FEES |
|---|---|
| Case Administration | $1,208.00 |
| Fee Application/Client Billing | $950.50 |
| Accounting | $4,228.00 |
| Monthly Court Reports | $1,108.00 |
| Accounts Receivable Review/Collection | $806.00 |
| Claim Analysis/Objection | $675.00 |
| Creditors Committee | $155.00 |
| **TOTAL FEES** | **$9,130.50** |

30.     The time expended by each billing professional, excluding any "No Charge" time, is set forth below and summarized as follows:

| Professional | Position | Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| James Welsh | Associate | 12.70 | $275.00 | $3,492.50 |
| Tina Hughes | Associate | 15.40 | $310.00 | $4,774.00 |
| Catherine Ryan | Administrator | 6.40 | $135.00 | $864.00 |
|  | **TOTAL:** | **34.50** |  | **$9,130.50** |

The hourly rates listed above are customary and reasonable and are the same hourly rates charged to HRP's non-bankruptcy clients for various other matters.

31.     There has been no duplication of services, either by partners or associates of HRP.  When two or more professionals participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each professional with the matters at issue so that each professional could perform further necessary work.

## Narrative Summary of Services

32.     The foregoing tasks performed by HRP are divided in each of the listed categories and are summarized as follows:

General Case Administration: This category includes all general Chapter 11 services provided to the Debtor and any other services that cannot be more specifically categorized.  These services include the following:  general corporate work related to Debtor's operations; communications with principals and Debtor's counsel regarding Debtor's books and records; communications with secured lender regarding budgets and other case management issues; research with respect to historical financial transactions, preparation of reports and summaries of same; administration of wage distribution and follow up with respect to locating former employees; management and organization of source documents; and general case management and planning of work to be performed. HRP spent 4.80 hours of professional time on the foregoing services for which HRP is seeking compensation in the amount of $1,208.00.

| Case Administration | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| James Welsh | Associate | 1.00 | $275.00 |
| Tina Hughes | Associate | 2.40 | $744.00 |
| Catherine Ryan | Admin | 1.40 | $189.00 |
| **Total** | | **4.80** | **$1,208.00** |

Fee Application/Client Billing: This category includes the review of time entries and client invoices and the preparation of fee applications.  HRP spent 3.10 hours of professional time on the foregoing services.  Said services have a value of $950.50, for which HRP is seeking compensation.

| Fee Application/Client Billing | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| James Welsh | Associate | .30 | $82.50 |
| Tina Hughes | Associate | 2.80 | $868.00 |
| **Total** | | **3.10** | **$950.50** |

Accounting:  This category includes the following:  recording of all cash receipts and disbursements in the check registers, reconciliation of all bank accounts, maintaining check registers and calculation of fees payable based upon approved and agreed fee structures; development of templates and reports to account for same, review and restatement of financial information for analysis or use in budgeting or preparation of reports.  HRP spent 14.70 hours of professional time on the foregoing services.  Said services have a value of $4,228.00, for which HRP is seeking compensation

| Accounting | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| James Welsh | Associate | 9.40 | $2,585.00 |
| Tina Hughes | Associate | 5.30 | $1,643.00 |
| **Total** | | **14.70** | **$4,228.00** |

Monthly Court Reports:  This category includes all work related to the preparation and review of the monthly operating reports and quarterly reports.  The preparation of the monthly operating reports includes the accumulation and categorization of the monthly cash receipts and disbursements by category, and the month end cash balances.  The

quarterly reports set forth the disbursements by quarter and the fees payable to the US Trustee with respect to same.   HRP spent 3.80 hours of professional time on the foregoing services.  Said services have a value of $1,108.00, for which HRP is seeking compensation.

| Monthly Court Reports | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| James Welsh | Associate | 2.00 | $550.00 |
| Tina Hughes | Associate | 1.80 | $558.00 |
| **Total** | | **3.80** | **$1,108.00** |

A/R Review and Collection:  This category includes all work relating to the oversight of the collection of accounts receivable balances by the third party collection agency, including the review of summary reports and seeking approval for settlements.  HRP spent 2.60 hours of professional time on the foregoing services.  Said services have a value of $806.00, for which HRP is seeking compensation.

| A/R Review/Collection | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| Tina Hughes | Associate | 2.60 | $806.00 |
| **Total** | | **2.60** | **$806.00** |

Claim Analysis/Objection:   This category includes all work relating to the review, scheduling and analysis with respect to employee wage claims in order to segregate components of the claims with respect to wages, vacation pay, expenses, and other benefits, payments remitted to former employees by sureties and general contractors for earned and unpaid pre-petition wages, communications with general contractors, sureties and counsel for same, calculations of such wages and other pre-petition obligations related to same, communications with payroll processing companies with respect to wage claim distributions, remittance of payroll taxes and W-2s, and communications with Debtor and Debtors Counsel regarding same..  HRP spent 5.00 hours of professional time on the foregoing services.  Said services have a value of $675.00, for which HRP is seeking compensation.

| Claim Analysis/Objection | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| Catherine Ryan | Associate | 5.00 | $675.00 |

| | | | |
|---|---|---|---|
| **Total** | | **5.00** | **$675.00** |

Creditors Committee:  This category includes all work relating to request from the Creditors Committee to attempt to produce reports or obtain system query to attempt to identify the specific accounts in from which pre-petition disbursements were issued by Debtor.   HRP spent .50 hours of professional time on the foregoing services. Said services have a value of $155.00, for which HRP is seeking compensation.

| Creditors Committee | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| Tina Hughes | Associate | .50 | $155.00 |
| **Total** | | **.50** | **$155.00** |

33.     HRP respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended.

34.     No agreement exists between HRP and any third party for the sharing of compensation received by HRP in this case, except as allowed by section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules with respect to sharing of compensation among members of HRP.

**Expenses**

35.     During the period from November 1, 2013 to December 31, 2013, HRP incurred expenses in connection with its services consisting of: overnight delivery.   An itemization of expenses is set forth in the Monthly Statements.  HRP requests $38.63 (unpaid from December 2013) for reimbursement for expenses.

## **Notice**

36.     In accordance with the Fee Procedures Order, notice of this application has been given to: counsel to First Midwest Bank, counsel to the Committee, the Office of the United States Trustee, and any parties who have filed an appearance in this chapter 11 case and requested such notice.

WHEREFORE, High Ridge Partners, Inc. respectfully requests that the Court enter an Order:

(A)     Allowing compensation to HRP in the amount of $9,130.50 for consulting services rendered during the period November 1, 2013 through December 31, 2013;

(B)     Allowing reimbursement to HRP in the amount of $38.63 for expenses incurred during the period November 1, 2013 through December 31, 2013;

(C)     Authorizing the Liquidating Trustee to pay to HRP the amounts of $6,447.30 as compensation and $38.63 as reimbursement for expenses; and

(D)     Allowing, on a final basis, compensation to HRP in the amount of $559,028.00 for consulting services rendered and reimbursement to HRP in the amount $14,374.66 for expenses incurred during the period March 9, 2012 through December 31, 2013; and

(E)     Granting such other and further relief as the Court deems just and proper.


HIGH RIDGE PARTNERS,, INC.

By:    /s/ Michael J. Eber
          One of its Principals

TRAINOR GLASS COMPANY

By:  ___/s/ Michael L. Gesas_____
One of its Attorneys

Michael L. Gesas  (06186924)
David A. Golin  (06180517)
Kevin H. Morse  (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288
10220296.1