UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>TRAINOR GLASS COMPANY,<br><br>Debtor. | Chapter 11<br><br>Case No. 12 B 09458<br><br>Hon. Carol A. Doyle |

### FINAL ORDER APPROVING
### WARN CLASS SETTLEMENT AND RELEASE AGREEMENT

The Court has considered the motion of Phillip Van Winkle, as Liquidating Trustee (the "*Liquidating Trustee*") of the Trainor Glass Company Liquidating Trust (the "*Trust*"), and Plaintiff Katherine McNeel (the "*Class Representative*" or "*Named Plaintiff*"), on behalf of herself and on behalf of similarly situated class members (together with the Class Representative, the "*Class Members*" or "*Class*"), for the entry of orders: (a) approving the *Settlement and Release Agreement* dated as of September 4, 2014 (the "Settlement Agreement" or the "Settlement")[1] among Liquidating Trustee and the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

(the "Motion").

The Court finds:

A. The Court has entered an Order on Oct. 15, 2014, granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for filing objections to the Settlement Agreement to be given to all Class Members.

B. Due notice has been given to the Class of the Settlement Agreement and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances.

C. All Class Members, not including the Excluded Claimants, who did not properly and timely exercise their right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement.

D. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

E. The terms of the Settlement Agreement are also appropriate and in the best interests of creditors under Bankruptcy Rule 9019.

F. The Settlement Agreement was negotiated at arm's-length and in good faith, is fair and equitable and in the best interest of the Parties.

G. Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is APPROVED.

2. Upon the "Final Approval Date" of the Settlement, as defined in the Settlement Agreement, the Liquidating Trustee is authorized and directed to implement the terms of the Settlement Agreement.

3. Upon the Final Approval Date of the Settlement, as defined in the Settlement Agreement, except for the rights arising out of, provided for, or reserved in the Settlement Agreement, the released claims described in the Settlement Agreement are hereby deemed to have been fully and forever released and discharged.

4. Upon the Final Approval Date of the Settlement, as defined in the Settlement Agreement, the Liquidating Trustee and any claims agent for the estate are authorized and directed to make such revisions to the schedules of assets and liabilities and/or the claims registry maintained in this case as necessary to reflect the relief granted herein, including, but not limited to, expunging any claims released pursuant to the terms of the Settlement Agreement.

5. The Settlement Agreement and this Order supplement but do not modify the terms of the Order Confirming the Debtor's and Official Committee of Unsecured Creditors' Second Amended Plan of Liquidating [docket no. 1674] and the Second Amended Plan of Liquidation [docket no. 1571].

6. This Court shall retain jurisdiction, even after the closing of the Bankruptcy Case, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

12-B09458

Dated: Dec 17, 2014

_____
THE HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE