## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

TRAINOR GLASS COMPANY,

     Debtor.

Chapter 11

Case No. 12 B 09458

Hon. Carol A. Doyle

Hearing: September 27, 2017 at 10:30 a.m.

### LIQUIDATING TRUSTEE'S FINAL REPORT AND
### MOTION FOR ENTRY OF A FINAL DECREE

Phillip Van Winkle, as Liquidating Trustee (the "*Liquidating Trustee*") of the Trainor Glass Company Liquidating Trust (the "*Liquidating Trust*"), by and through counsel, hereby submits his Final Report and Motion for Entry of a Final Decree ("*Motion*") pursuant to the *Official Committee of Unsecured Creditors' Second Amended Joint Plan of Liquidation Dated November 13, 2013* [Dkt. 1571] (the "*Joint Plan*") and the *Liquidating Trust Agreement* approved in conjunction with the Joint Plan.

### **Jurisdiction**

1.    The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code.

2.    Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

3.    The basis for the relief requested herein is § 350 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "*Bankruptcy Rules*") and Rule 3022-1 of the Local Rules of the Bankruptcy Court for the Northern District of Illinois.

## Background

4.      On March 9, 2012 (the "*Petition Date*"), Trainor Glass Company (the "*Debtor*") commenced this case (the "*Case*") in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division (the "*Bankruptcy Court*") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      The Debtor and Official Committee of Unsecured Creditors submitted a second amended joint plan of liquidation (the "*Joint Plan*") to this Court providing for the orderly liquidation of the assets remaining in the Debtor's bankruptcy estate.[1]  The Disclosure Statement with respect to the Joint Plan (the "*Disclosure Statement*") contemplates that funds to pay claims under the Joint Plan substantially derive from the recoveries from certain litigation claims (the "*Litigation Proceeds*").

6.      The Court confirmed the Joint Plan by an order dated May 20, 2014 (the "*Confirmation Order*").  The Joint Plan appointed Phillip Van Winkle as Liquidating Trustee. Under the terms of the Joint Plan, the Liquidating Trust was established to administer the estate after the effective date.

## Relief Requested

7.      By this Motion, the Liquidating requests a final decree closing this bankruptcy case pursuant to § 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

8.      Bankruptcy Rule 3022 provides, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

---

[1]   [Dkt. 1571.]

9.     The advisory committee's note on the 1991 amendment to the Bankruptcy Rule 3022 lists "[f]actors that the court should consider in determining whether the estate has been fully administered[:]"

    (a)  Whether the order confirming the plan has become final;

    (b)  Whether deposits required by the plan have been distributed;

    (c)  Whether the property proposed by the plan to be transferred has been transferred;

    (d)  Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    (e)  Whether payments under the plan have commenced; and

    (f)  Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee's note (1991); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (holding that the factors listed in the advisory committee's note are "illuminative" but noting that "all of the factors in the [note] need not be present before the Court will enter a final decree").

10.     The Liquidating Trustee has fulfilled his duties under the Joint Plan.  The factors guiding a court's determination whether an estate has been fully administered support entry of a final decree and closing of this bankruptcy case.

### General Case Administration

11.     The Liquidating Trustee retained a financial advisor (Protiviti, Inc., or "*Protiviti*") and counsel (Sugar Felsenthal Grais & Hammer LLP, or "*SFGH*") to assist him in the general administration of the Liquidating Trust.  SFGH was also retained to pursue litigation on behalf of the Estate on a contingency basis.

12.    The Liquidating Trustee and his professionals undertook a multitude of activities on behalf of the Estate, including but not limited to the following:

(a) Analysis of cash and other assets transferred to the Liquidating Trust, including potential collections from litigation activities, through review and analysis of thousands of company documents and electronic records relevant to the resolution of estate claims, obligations, and potential litigation;

(b) Resolved, and satisfied the estate's immediate post-confirmation obligations under the Joint Plan, including allowed administrative claims and professional fee claims and priority claims;

(a) Pursued and obtained orders approving post-confirmation administrative procedures, claims objection procedures, and adversary procedures, to streamline the ability of the Liquidating Trustee to resolve open claims and pursue chapter 5 avoidance actions while preserving the due process rights of parties in interest;

(b) Pursued and collected on class action claims in which the Debtors were eligible class members;

(c) Negotiated and sold remnant assets for highest and best value after seeking offers from multiple parties;

(d) Filed and pursued 150 adversary proceedings to resolution;

(e) Filed state and federal tax returns for the Debtors and the post-confirmation returns of the Liquidating Trust;

(f) Filed quarterly financial reports with the Office of the United States Trustee;

(g) Filed periodic post-confirmation narrative reports and presented matters at numerous post-confirmation omnibus hearings; and

(h) Completed or commenced other activities on behalf of the Liquidating Trust.

## Motions, Contested Matters and Adversary Proceedings

### A.  Status of Claims Administration, Objections and Distributions

13.    As has been reported in periodic narrative reports and omnibus hearings, all of the 950-plus claims filed or scheduled in the Debtors' three cases have been resolved by allowance,

allowance in part, or disallowance. All allowed secured and administrative claims have been paid.

14.     During the bankruptcy case prior to confirmation of the Joint Plan, the Debtor, in concert with the Official Committee of Unsecured Creditors and its secured lender, First Midwest Bank, worked diligently to liquidate the estate's assets. Following confirmation of the Joint Plan, such efforts continued, though at that point the estate's primary assets involved the resolution of its ownership interests in a non-debtor entity (Doralco) against which the Trust as assignee under the Joint Plan), its sureties, and First Midwest also had claims, and litigation recoveries including avoidance actions. All such assets have now been liquidated in accordance with the Joint Plan and pursuant to court authority.

### B.  Litigation and Resolution of Disputes

15.     All litigation claims pursued by the Liquidating Trustee and all other disputes resulting in assets liquidated for the benefit of the estate have been resolved. The Liquidating Trustee's pursuit of the return of preferential transfers, through professionals retained to do so on a contingency basis, resulted in the recovery of more than $3,629,688.06 by the estate.

### C.  Distributions

16.     All distributions to holders of allowed claims in this case have been made in accordance with the Joint Plan. Payments to administrative creditors were paid in full. Secured creditors received payment to the extent of their allowed secured claims, or the return of their collateral in satisfaction of their secured claims.

17.     As of confirmation of the Joint Plan, the Trust hoped that recoveries would be sufficient to pay all priority claims in full and render a small residual distribution to general unsecured creditors. Unfortunately, despite the Trust's efforts, the Trust has not generated sufficient funds to pay priority claims in full. The Trust has rendered partial payment on the

allowed priority claims of employees arising under Section 507(a)(4) of the Bankruptcy Code, including the WARN Class claim under Section 507(a)(4) in the amount of $1,250,000.

18.     The allowed Section 507(a)(4) priority claims totaled $1,250,000.00 (WARN Class) and $118,898.66 (other wage priority claims).   With the proposed final distribution, WARN Class will have received a distribution of $482,005.64 and holders of other wage claims under Section 507 (a)(4) will have received $20,112.91.

19.     No priority creditors with a priority lower than Section 507(a)(4) will receive a distribution, including certain tax claims entitled to priority under Section 507(a)(8).   In addition, there will be no distribution to the holders of general unsecured claims.

20.     **Exhibit A** contains the detail for the payments made to date by the Liquidating Trust and the proposed final distribution to priority WARN Class and priority employee wage claimants.

21.     The Joint Plan provides for the reversion and reallocation of distributions that cannot be made to certain beneficiaries for the benefit of the Trust's other beneficiaries.  *See* Joint Plan, Sections 11.4 (Lapsed Distributions) and 11.6 (Undeliverable and Unclaimed Distributions), and the Joint Plan absolves the Liquidating Trustee from any responsibility for locating a beneficiary beyond reliance on the Debtor's books and records and/or address information provided to the Debtor or the Liquidating Trustee during the course of the case, including through the filing of a proof of claim.   If an initial attempt to make and confirm a distribution to a beneficiary is unsuccessful, the Liquidating Trustee has no further obligation to locate such beneficiary, and the unclaimed and future distributions to such beneficiary revert to the Trust for redistribution under the Joint Plan.

22.     The Liquidating Trustee took steps to locate and confirm the addresses of the Debtor's former employees in connection with distributions on account of priority WARN and

wage claims.[2] On or about November 24, 2015, in anticipation of an initial distribution, the Liquidating Trustee sent a letter to all employees listed in the Debtor's books and records who would be entitled to a distribution, enclosing a W-9 form and requesting that the form be completed and returned.  The purpose of the letter was to confirm each employee's address.  This initial letter resulted in a substantial response but also many letters returned as undeliverable due to bad addresses.  In a few instances, former employees who were located through the Debtor's books and records were able to provide updated contact information for other employees.

23.     On or about May 5, 2016, although he had no duty to do so under the Joint Plan, the Liquidating Trustee mailed a follow up letter with an enclosed W-9 form to non-responding employees.  This second mailing resulted in six additional positive responses.

24.     The Liquidating Trustee made an initial distribution to each employee who responded and returned a W-9 form and confirmed an address, and has reserved the balance.

25.     In accordance with the Joint Plan, the Liquidating Trustee will exclude from the final distribution all parties to which a prior distribution failed and was deemed undeliverable.  Such parties' distributional interest reverts to the Trust for redistribution to remaining, known beneficiaries.

## Reserve

26.     In determining the final distribution to creditors, which should occur prior to the hearing on this Motion, the Liquidating Trustee will establish the following reserve (the "*Wind Down Reserve*") totaling $34,500 for payment of final quarterly US Trustee fees, projected expenses associated with the hearing on the final decree, payment of final invoices of the

---

[2]     The Liquidating Trustee did not take such steps with general unsecured creditors (Class 3) in order to conserve resources until such time that it appeared likely that the estate would make a distribution to general unsecured creditors, a threshold that was not reached in this case.

Estates' professionals, and a general reserve for other wind up activities. The Wind Down Reserve detail is attached as **Exhibit B**.

27.     Circumstances may require the Liquidating Trustee to make the final distribution to creditors following entry of the final decree. Furthermore, the Liquidating Trustee anticipates that payments from the Wind Down Reserve will follow entry of the final decree. The possibility that these distributions and payments will follow entry of the final decree should not delay closure of the case. See Fed. R. Bankr. P. 3002 adv. comm. note (1991 amend.) ("Entry of a final decree closing a chapter 11 case should not be delayed solely because payments required by the Joint Plan have not been completed.").

## Objections

28.     **If you disagree with the relief requested in the Motion, you must file and serve a response no later than September 23, 2017.** Your objection, if any, to the Motion must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) be filed with the Bankruptcy Court, and (d) be served upon counsel to the Liquidating Trustee, Sugar Felsenthal Grais & Hammer LLP, 30 N. LaSalle St., Ste. 3000, Chicago, Illinois 60602 (Attn: Aaron L. Hammer and Mark S. Melickian)**.**

## Notice

29.     Notice of this Motion has been given to (a) the Office of the U.S. Trustee for the Northern District of Illinois; (b) all creditors; and (c) those parties that have requested notice in this Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is necessary or required.

## No Prior Request

30.     No prior motion for the relief requested herein has been made to this or any other court.

## Conclusion

31.     The Liquidating Trustee represents to the Court that the Joint Plan, as confirmed, has been fully administered, pursuant to Bankruptcy Rule 3022 and applicable case law, on the following basis: (a) there are no outstanding motions or contested matters pending in the Bankruptcy Case; (b) the Order confirming the Joint Plan has become a Final Order, in that there is no appeal of the Confirmation Order pending; (c) all deposits required under the Joint Plan have been distributed. The property proposed by the Joint Plan to be transferred has been transferred; (d) all of the Debtors' assets have been liquidated; and (e) all Liquidating Trust assets, other than the Reserve, have been distributed pursuant to the terms of the Joint Plan.

WHEREFORE, the Liquidating Trustee respectively requests that this Court enter a final decree in this case, substantially in the form attached as **Exhibit C**, approving the Wind Down Reserve, terminating the Liquidating Trust, and granting such other relief as this Court deems equitable and just.

Dated:     August 23, 2017                     Respectfully submitted:

*Phillip Van Winkle, as Liquidating Trustee of the
Trainor Glass Company Liquidating Trust*

By: _/s/ Aaron L. Hammer_____
            One of Its Attorneys

Aaron L. Hammer, Esq. (6243069)
Mark S. Melickian, Esq. (6229843)
Michael A. Brandess, Esq. (6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:   312.704.9400
Facsimile:   312.372.7951

# Exhibit A

**Trainor Glass Company Liquidating Trust - Payment Ledger**
**2014-2017**

*Distributions under the Plan*

| | | |
|---|---|---|
| High Ridge | 5/5/2014 | (5,815.13) |
| Dallas County | 6/9/2014 | (95,000.00) |
| Carrollton-Farmers ISD | 6/18/2014 | (96,000.00) |
| Kaufman County | 6/23/2014 | (955.62) |
| First Midwest (dimunition claim) | 6/30/2014 | (750,000.00) |
| Round Rock ISD | 7/11/2014 | (83.70) |
| High Ridge Sec 6.2(c) Excess  Claim | 8/18/2014 | (4,361.35) |
| Protiviti Sec 6.2(c) Excess  Claim | 8/18/2014 | (16,350.15) |
| Arnstein & Lehr Sec 6.2 (c) Excess  Claim | 8/18/2014 | (58,580.63) |
| Sugar Felsenthal Graid & Hammer Sec 6.2(c) Excess  Claim | 8/18/2014 | (59,008.13) |
| Lexington Insurance | 8/29/2014 | (5,726.03) |
| First Midwest (secured) | 11/25/2014 | (200,000.00) |
| Clark Construction | 12/2/2014 | (116,116.40) |
| First Midwest | 3/27/2015 | (157,162.93) |
| Chesterfield County Va Tax | 4/22/2015 | (67.51) |
| The Gardner Firm (initial WARN distribution) | 10/14/2015 | (365,257.13) |
| Steven Russell (Priority Wage Claim) | 12/21/2015 | (786.68) |
| Paxton Ellis (Priority Wage Claim) | 12/21/2015 | (590.07) |
| Marie Trainor (Priority Wage Claim) | 12/21/2015 | (589.99) |
| Thomas McCotter (Priority Wage Claim) | 12/21/2015 | (383.56) |
| David Novak (Priority Wage Claim) | 12/21/2015 | (332.34) |
| Robert Trainor (Priority Wage Claim) | 12/22/2015 | (393.38) |
| Robert Ostrowski (Priority Wage Claim) | 12/22/2015 | (364.66) |
| Bernadette Shalda (Priority Wage Claim) | 12/22/2015 | (283.99) |
| Karen Boren (Priority Wage Claim) | 12/22/2015 | (255.68) |
| Jimmie Dunn (Priority Wage Claim) | 12/22/2015 | (216.33) |
| Tom Peruc (Priority Wage Claim) | 12/23/2015 | (393.38) |
| Irvin Miller (Priority Wage Claim) | 12/23/2015 | (231.95) |
| Michael Moriarity (Priority Wage Claim) | 12/24/2015 | (247.83) |
| Amanda Cuzzo (Priority Wage Claim) | 12/28/2015 | (204.54) |
| Arthur Rehman (Priority Wage Claim) | 12/30/2015 | (157.34) |
| Dennis Wolfe (Priority Wage Claim) | 1/4/2016 | (491.72) |
| Robert J. Trainor (Priority Wage Claim) | 1/4/2016 | (2,556.80) |
| Dylan Tuner (Priority Wage Claim) | 1/5/2016 | (255.68) |
| B. Mullins (Priority Wage Claim) | 1/7/2016 | (378.08) |
| Keith Westwood (Priority Wage Claim) | 1/7/2016 | (176.97) |
| Martin McKinley (Priority Wage Claim) | 1/8/2016 | (590.07) |
| Rick M. Hamlin (Priority Wage Claim) | 1/11/2016 | (393.38) |
| Amber S. Frank (Priority Wage Claim) | 1/12/2016 | (216.33) |
| Bradley E. Funik (Priority Wage Claim) | 1/12/2016 | (314.67) |
| Gregory Wajciechowicz (Priority Wage Claim) | 1/19/2016 | (161.59) |
| James Juers (Priority Wage Claim) | 1/19/2016 | (491.72) |
| Gary Bubenik (Priority Wage Claim) | 1/25/2016 | (324.24) |
| Jeffrey A. Lockeneur (Priority Wage Claim) | 1/25/2016 | (590.07) |
| Kimberly A. Lockeneur (Priority Wage Claim) | 1/25/2016 | (196.69) |
| Edward O'Connor (Priority Wage Claim) | 1/27/2016 | (188.84) |

| | | |
|---|---|---|
| Stephen Kuzmaul (Priority Wage Claim) | 2/1/2016 | (275.32) |
| Monica Gallegos (Priority Wage Claim) | 2/26/2016 | (230.73) |
| Kaitlyn Helm (Priority Wage Claim) | 3/7/2016 | (176.97) |
| Richard Puig (Priority Wage Claim) | 7/18/2016 | (39.35) |
| Paul Rowan (Priority Wage Claim) | 7/18/2016 | (589.99) |
| David Smiatanski (Priority Wage Claim) | 7/18/2016 | (481.82) |
| Jeffrey Summers (Priority Wage Claim) | 7/18/2016 | (393.38) |
| Kenneth Harris (Priority Wage Claim) | 7/20/2016 | (331.36) |
| Karen Boren (Priority Wage Claim) | TBD | (81.72) |
| Gary Bubenik (Priority Wage Claim) | TBD | (103.64) |
| Amanda Cuzzo (Priority Wage Claim) | TBD | (65.38) |
| Jimmie Dunn (Priority Wage Claim) | TBD | (81.72) |
| Paxton Ellis (Priority Wage Claim) | TBD | (188.61) |
| Bradley E. Funik (Priority Wage Claim) | TBD | (100.58) |
| Amber S. Frank (Priority Wage Claim) | TBD | (69.15) |
| Monica Gallegos (Priority Wage Claim) | TBD | (73.75) |
| Rick M. Hamlin (Priority Wage Claim) | TBD | (125.74) |
| Kenneth Harris (Priority Wage Claim) | TBD | (105.91) |
| Kaitlyn Helm (Priority Wage Claim) | TBD | (56.57) |
| James Juers (Priority Wage Claim) | TBD | (157.17) |
| Stephen Kuzmaul (Priority Wage Claim) | TBD | (88.00) |
| Jeffrey A. Lockeneur (Priority Wage Claim) | TBD | (188.61) |
| Kimberly A. Lockeneur (Priority Wage Claim) | TBD | (62.87) |
| Thomas McCotter (Priority Wage Claim) | TBD | (122.60) |
| Martin McKinley (Priority Wage Claim) | TBD | (188.61) |
| Irvin Miller (Priority Wage Claim) | TBD | (74.14) |
| Michael Moriarity (Priority Wage Claim) | TBD | (79.21) |
| B. Mullins (Priority Wage Claim) | TBD | (120.85) |
| David Novak (Priority Wage Claim) | TBD | (106.23) |
| Robert Ostrowski (Priority Wage Claim) | TBD | (116.56) |
| Tom Peruc (Priority Wage Claim) | TBD | (125.74) |
| Richard Puig (Priority Wage Claim) | TBD | (12.58) |
| Arthur Rehman (Priority Wage Claim) | TBD | (50.29) |
| Paul Rowan (Priority Wage Claim) | TBD | (188.58) |
| Steven Russell (Priority Wage Claim) | TBD | (251.45) |
| Bernadette Shalda (Priority Wage Claim) | TBD | (90.77) |
| David Smiatanski (Priority Wage Claim) | TBD | (154.01) |
| Jeffrey Summers (Priority Wage Claim) | TBD | (125.74) |
| Robert J. Trainor (Priority Wage Claim) | TBD | (817.24) |
| Marie Trainor (Priority Wage Claim) | TBD | (188.58) |
| Robert Trainor (Priority Wage Claim) | TBD | (125.74) |
| Dylan Tuner (Priority Wage Claim) | TBD | (81.72) |
| Keith Westwood (Priority Wage Claim) | TBD | (56.57) |
| Gregory Wajciechowicz (Priority Wage Claim) | TBD | (51.65) |
| Dennis Wolfe (Priority Wage Claim) | TBD | (157.17) |
| The Gardner Firm (WARN final distribution) | TBD | (116,748.51) |
| First Midwest (secured) | TBD | (75,000.00) |

*Distributions to Vendors and Professionals*

| | | |
|---|---|---|
| Sugar Felsenthal Grais & Hammer | 1/27/2014 | (69,690.01) |
| Sugar Felsenthal Grais & Hammer | 1/27/2014 | (32,130.00) |
| Liquidating Trustee  - First Midwest | 2/21/2014 | (5,776.00) |
| Liquidating Trustee  - Avoidance | 2/21/2014 | (4,538.00) |
| Sugar Felsenthal Grais & Hammer | 2/28/2014 | (31,871.24) |
| Thompson Hine | 3/3/2014 | (7,423.58) |
| Bank Acount Maintenance | 3/3/2014 | (32.72) |
| Liquidating Trustee  - Avoidance | 3/12/2014 | (13,241.92) |
| Sugar Felsenthal Grais & Hammer | 3/13/2014 | (164,486.56) |
| Liquidating Trustee  - First Midwest | 3/14/2014 | (1,894.75) |
| Bank Maintenance Fee | 4/1/2014 | (32.48) |
| EPIC Data Services | 4/3/2014 | (941.05) |
| US Trustee | 4/9/2014 | (4,875.00) |
| Liquidating Trustee  - First Midwest | 4/18/2014 | (4,117.50) |
| Liquidating Trustee  - Avoidance | 4/18/2014 | (8,755.00) |
| US Trustee | 4/24/2014 | (4,785.00) |
| Sugar Felsenthal Grais & Hammer | 4/30/2014 | (75,406.83) |
| Epiq Bankruptcy Services | 4/30/2014 | (661.60) |
| Abacus Cloud Service | 5/1/2014 | (2,250.00) |
| Bank Maintenance Fee | 5/1/2014 | (175.00) |
| Arnsein Lehr - post confirmation | 5/8/2014 | (2,930.52) |
| Arnstein Lehr - post confirmation | 5/8/2014 | (4,910.32) |
| Liquidating Trustee  (April) | 5/13/2014 | (10,158.90) |
| Sugar Felsenthal Grais & Hammer | 5/16/2014 | (83,883.64) |
| Rees Broome | 5/19/2014 | (4,130.22) |
| Check order | 5/28/2014 | (79.46) |
| Abacus solutions | 5/30/2014 | (2,250.00) |
| Bank Maintenance Fee | 6/2/2014 | (200.00) |
| Ed Trainor (Inverted Newtorks) | 6/3/2014 | (342.00) |
| US Trustee  (stub fees) | 6/4/2014 | (90.00) |
| Liquidating Trustee  (May) | 6/18/2014 | (10,722.56) |
| HighRidge | 6/20/2014 | (4,814.49) |
| Arnstein Lehr - post confirmation | 6/24/2014 | (769.50) |
| Sugar Felsenthal Grais & Hammer | 6/25/2014 | (46,814.82) |
| Bank Maintenance | 7/1/2014 | (80.00) |
| Foley & Lardner | 7/7/2014 | (1,381.00) |
| Foley & Lardner | 7/7/2014 | (52,323.04) |
| Liquidatng Trustee | 7/17/2014 | (4,059.00) |
| Liquidating Trustee | 7/17/2014 | (437.00) |
| Arnstein & Lehr | 7/21/2014 | (1,631.50) |
| US Trustee | 7/23/2014 | (6,500.00) |
| Sugar Felsenthal Grais & Hammer | 7/28/2014 | (86,802.37) |
| Bank Maintenance Fee | 8/1/2014 | (80.00) |
| Bank Maintenance Fee | 8/1/2014 | (40.00) |
| Tailwind services (mediation) | 8/12/2014 | (650.00) |
| Liquidating Trustee | 8/22/2014 | (5,861.74) |
| Liquidating Trustee | 8/22/2014 | (1,706.25) |
| Bank Maintenance Fee | 9/2/2014 | (175.00) |
| Epiq | 9/26/2014 | (39,231.25) |
| Liquidating Trustee | 11/3/2014 | (278.46) |

| | | |
|---|---|---|
| Liquidating Trustee | 11/3/2014 | (3,150.00) |
| Liquidating Trustee | 11/3/2014 | (2,364.50) |
| Bank Maintainence Fee | 11/3/2014 | (40.00) |
| Sugar Felsenthal Grais & Hammer | 11/25/2014 | (21,047.66) |
| Liquidating Trustee | 11/28/2014 | (2,364.18) |
| Liquidating Trustee | 11/28/2014 | (875.00) |
| US Trustee  July-Sept 2014 | 12/1/2014 | (4,875.00) |
| Bank Maintenance Fee | 12/1/2014 | (40.00) |
| Sugar Felsenthal Grais & Hammer | 12/1/2014 | (19,669.38) |
| Protiviti | 12/1/2014 | (5,450.05) |
| Arnstein & Lehr | 12/2/2014 | (19,886.87) |
| Arnstein & Lehr | 12/10/2014 | (457.64) |
| Abacus Solutions | 12/16/2014 | (2,250.00) |
| Francis Carter (mediation fees) | 12/22/2014 | (6,675.00) |
| Foley and Lardner | 12/22/2014 | (16,848.96) |
| Cole Martin | 12/23/2014 | (5,280.00) |
| First Midwest | 12/29/2014 | (59,337.18) |
| Bank Maintenance Fee | 1/2/2015 | (215.00) |
| Bank Maintenance Fee | 1/2/2015 | (40.00) |
| Nov. Liquidating Trustee | 1/23/2015 | (2,124.39) |
| Nov. Liquidating Trustee Expense | 1/23/2015 | (175.00) |
| Dec. Liquidating Trustee | 1/23/2015 | (4,502.60) |
| Dec. Liquidating Trustee Expense | 1/23/2015 | (315.00) |
| US Trustee | 1/23/2015 | (4,875.00) |
| Bank Maintenance Fee | 2/2/2015 | (40.00) |
| Liquidating Trustee | 2/20/2015 | (2,644.26) |
| Foley & Lardner | 3/2/2015 | (3,271.00) |
| Abacus | 3/2/2015 | (2,250.00) |
| Foley and Lardner | 3/2/2015 | (11,176.50) |
| Sugar Felsenthal Grais & Hammer | 3/16/2015 | (25,123.57) |
| AEG Partners Liquidating Trustee  (Feb) | 4/7/2015 | (1,932.15) |
| AEG Partners Liquidating Trustee  (March) | 4/16/2015 | (2,719.89) |
| Sugar Felsenthal Grais & Hammer | 4/16/2015 | (15,805.95) |
| Flex Discovery/Shaw Fishman | 4/20/2015 | (1,825.00) |
| US Trustee | 5/1/2015 | (1,625.00) |
| Foley & Lardner | 5/5/2015 | (12,691.00) |
| AEG Partners April Liquidating Trustee | 5/11/2015 | (4,250.18) |
| Sugar Felsenthal Grais & Hammer | 5/27/2015 | (16,533.22) |
| Bank Maintenance Fee | 6/1/2015 | (40.00) |
| Sugar Felsenthal Grais & Hammer | 6/18/2015 | (36,987.65) |
| AEG Partners May Liquidating Trustee | 6/22/2015 | (875.20) |
| Sugar Felsenthal Grais & Hammer | 7/22/2015 | (37,291.31) |
| AEG Partners (June Liquidating Trustee ) | 7/28/2015 | (3,022.21) |
| Abacus Soultions | 7/29/2015 | (2,250.00) |
| US Trustee | 7/31/2015 | (975.00) |
| Bank Maintenance | 8/3/2015 | (40.00) |
| Sugar Felsenthal Grais & Hammer | 8/21/2015 | (9,422.61) |
| Liquidating Trustee | 9/3/2015 | (2,242.24) |
| Sugar Felsenthal Grais & Hammer | 9/24/2015 | (14,685.04) |
| AEG August Partners | 9/25/2015 | (2,661.79) |

| | | |
|---|---|---|
| Foley & Lardner | 9/25/2015 | (15,020.39) |
| Arnstein & Lehr | 10/1/2015 | (737.00) |
| Arnstein & Lehr | 10/1/2015 | (84.28) |
| Bank Maintenance Fee | 10/1/2015 | (40.00) |
| Abacus Solutions (IT / File Storage) | 10/15/2015 | (2,250.00) |
| Sugar Felsenthal Grais & Hammer | 10/20/2015 | (10,199.07) |
| Liquidating Trustee | 10/22/2015 | (1,665.56) |
| US Trustee | 10/23/2015 | (975.00) |
| Sugar Felsenthal Grais & Hammer | 10/24/2015 | (45,992.82) |
| Bank Maintenance Fee | 11/2/2015 | (40.00) |
| Bank Analysis  Fee (Oct FMB Account) | 11/2/2015 | (15.00) |
| US Trustee | 11/9/2015 | (2,250.00) |
| Liquidating Trustee | 11/16/2015 | (2,141.11) |
| Sugar Felsenthal Grais & Hammer | 11/17/2015 | (8,923.61) |
| Foley & Lardner | 11/18/2015 | (12,009.96) |
| Check Order | 11/25/2015 | (45.77) |
| Bank Analysis Fee (Nov FMB Account) | 12/1/2015 | (15.00) |
| Protivti Inc. | 12/14/2015 | (92,955.40) |
| Sugar Felsenthal Grais & Hammer | 12/14/2015 | (9,316.65) |
| AEG Partners (Nov Liquidating Trustee ) | 12/14/2015 | (1,891.37) |
| Check Order | 12/23/2015 | (37.03) |
| Bank Service Charges for Dec. 2015 | 1/4/2016 | (40.00) |
| Sugar Felsenthal Grais & Hammer | 1/14/2016 | (6,412.12) |
| Sugar Felsenthal Grais & Hammer | 1/14/2016 | (2,540.00) |
| Foley Lardner (Legal ) | 1/15/2016 | (6,440.50) |
| Liquidating Trustee | 1/19/2016 | (1,698.35) |
| Cole Martin (Tax – check reissued) | 1/19/2016 | (2,750.00) |
| Bank Service Charges for Jan. 2016 | 2/1/2016 | (37.00) |
| Abacus Solutions (Invoice 802268) | 2/2/2016 | (2,250.00) |
| U.S. Trustee (Q4-2015 fees) | 2/12/2016 | (4,875.00) |
| AEG Partners (January Liquidating Trustee fees) | 2/22/2016 | (1,621.02) |
| Sugar Felsenthal Grais & Hammer | 2/25/2016 | (8,255.54) |
| Sugar Felsenthal Grais & Hammer | 2/25/2016 | (278.12) |
| Foley & Lardner (Legal ) | 2/26/2016 | (246.00) |
| Liquidating Trustee | 3/18/2016 | (597.73) |
| Sugar Felsenthal Grais & Hammer | 4/5/2016 | (11,875.29) |
| Sugar Felsenthal Grais & Hammer | 4/19/2016 | (17,909.03) |
| Foley Lardner (Legal ) | 4/25/2016 | (7,052.50) |
| Abacus Solutions (IT / File Storage) | 4/29/2016 | (2,250.00) |
| US Trustee | 4/29/2016 | (650.00) |
| Sugar Felsenthal Grais & Hammer | 6/1/2016 | (4,314.36) |
| Liquidating Trustee | 6/6/2016 | (808.74) |
| Liquidating Trustee | 6/13/2016 | (1,137.50) |
| Liquidating Trustee | 7/15/2016 | (1,925.00) |
| Sugar Felsenthal Grais & Hammer | 7/19/2016 | (24,384.15) |
| Foley Lardner (Legal ) | 7/19/2016 | (430.00) |
| US Trustee (Q-2 2016) | 8/8/2016 | (650.00) |
| Liquidating Trustee | 9/7/2016 | (1,137.00) |
| Sugar Felsenthal Grais & Hammer | 9/27/2016 | (2,558.00) |
| Foley Lardner (Legal ) | 9/29/2016 | (258.00) |

| | | |
|---|---|---|
| Liquidating Trustee | 11/9/2016 | (210.00) |
| US Trustee (Q3-2016) | 11/23/2016 | (650.00) |
| Liquidating Trustee | 12/12/2016 | (2,450.00) |
| Sugar Felsenthal Grais & Hammer | 12/28/2016 | (3,666.97) |
| Bank Maintenance Fee | 2/1/2017 | (15.00) |
| Sugar Felsenthal Grais & Hammer | 2/24/2017 | (63,345.33) |
| Liquidating Trustee | 2/24/2017 | (525.00) |
| Foley Lardner (Legal ) | 2/27/2017 | (516.00) |
| US Trustee | 5/3/2017 | (975.00) |
| Sugar Felsenthal Grais & Hammer | 6/6/2017 | (5,710.65) |
| Liquidating Trustee | 6/8/2017 | (704.08) |
| Sugar Felsenthal Grais & Hammer | 8/17/2017 | (7,243.54) |
| Liquidating Trustee | 8/17/2017 | (3,000.00) |

# Exhibit B

**Wind Down Reserve**

| | | |
|---|---|---|
| Available Cash | $ | 156,083.93 |
| | | |
| Funds for Reserve | | |
| Estimated Legal Fees | $ | 10,000.00 |
| US Trustee Fees | $ | 2,000.00 |
| AEG/Liquidating Trustee Estimated Fees | $ | 3,000.00 |
| Filing Fees | $ | 1,000.00 |
| Epiq - noticing fee | $ | 8,500.00 |
| Other wind up costs | $ | 10,000.00 |
| Total Reserve | $ | 34,500.00 |
| | | |
| Available for 2nd/Final Distribution | $ | 121,583.93 |
| WARN Claims | $ | 116,748.51 |
| Wage Claims | $ | 4,835.42 |

# Exhibit C

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   12-09458 |
| TRAINOR GLASS COMPANY, | ) | (Jointly Administered) |
| | ) | Chapter:  11 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**Order Granting Final Decree**

Upon consideration of the Motion (the "Motion") of Phillip Van Winkle, not individually, but solely as Liquidating Trustee of the Trainor Glass Company Liquidating Trust, for an order granting a final decree and closing these chapter 11 cases pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 3022; and the Court having reviewed the Motion and considered any arguments made in support or opposition to the Motion; and the Court having determined the Liquidating Trustee has fulfilled his obligations under the Plan  confirmed in these cases and therefore that the relief requested in the Motion is in the best interests of the estates and its parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record made herein; and after due deliberation; and good and sufficient cause for approval of the requested relief appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The Wind-Down Reserve is approved.

3. The reversion of undelivered and undeliverable distributions to the Liquidating Trust and reallocation of such funds among remaining beneficiaries as provided under the Plan is authorized and approved.

4. Following the final distribution to creditors as contemplated in the Wind-Down Reserve, the Liquidating Trustee is deemed to have fulfilled his obligations under the Plan and is released from his duties and obligations as Liquidating Trustee under the Plan.

5. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6. The bankruptcy case of Trainor Glass Company, case number 12 B 09458, is hereby closed.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Enter:

Dated:                                                    United States Bankruptcy Judge

**Prepared by:**

Aaron L. Hammer, Esq. (6243069)
Mark S. Melickian, Esq. (6229843)
Michael A. Brandess, Esq. (6299158)
Sugar Felsenthal Grais & Hammer LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951

Counsel to Liquidating Trustee